369 A.2d 800

COMMONWEALTH of Pennsylvania

v.

George E. FASSNACHT, Appellant.

Superior Court of Pennsylvania.

Argued June 16, 1975.

Decided Feb. 18, 1977.

Rehearing Denied March 8, 1977.

44

Burton A. Rose, Philadelphia, with him A. Charles Peruto, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On June 20, 1971, officers of the Philadelphia Police Department searched appellant's home in Northeast Philadelphia, and found stored in the basement an arsenal of weapons and explosives, ranging from several hundred automatic machine guns, rifles, and pistols to military knives and swords, and a machete. This property was seized by the police, and appellant was arrested and charged with several criminal offenses relating to possession and dealing in weapons and explosives. However,

because the weapons and explosives had been seized in violation of the Fourth Amendment, appellant's motion to suppress their use as evidence was granted, with the result that appellant was found not guilty.

On April 19, 1974, appellant filed a petition for the return of his property. By order of June 5, 1975, the lower court denied the petition, and ordered the property forfeited and destroyed. This appeal is from that order. Pending disposition of the appeal, a supersedeas was granted to stay the destruction of the property. We now dissolve the supersedeas, affirm the order of the lower court in part, and reverse in part.

## I

A petition for the return of property is authorized by Pa.R.Crim.P. 324, which permits the return of property seized with or without a warrant "unless the court determines that such property is contraband, in which case the court may order the property to be forfeited." Pa. R.Crim.P. 324(b). Here the lower court determined that the property was contraband.

The law of contraband is ancient [1] but evolving. Originally a forfeiture proceeding was considered a purely *in rem* civil action against the property. Courts have come to recognize, however, that in substance the proceeding may be more criminal than civil, and consequently they will afford the owner some of the procedural safeguards normally relevant only to criminal actions.[2]  *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965).

In this evolution, two distinct classifications of contraband have been developed: contraband *per se*, and

1. *See generally,* The Goring Ox: Some Historical Perspectives on Deodands, Forfeitures, Wrongful Death and the Western Notion of Sovereignty, 46 Temp.L.Q. 169 (1973).

2. For discussion of the historical background and procedural evolution of the law of contraband, *see Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999 (1976).

derivative contraband. Contraband *per se* is property the mere possession of which is unlawful. *One 1958 Plymouth Sedan, supra*; *United States v. One Lot of Eighteen Firearms*, 325 F.Supp. 1326 (D.N.H.1971). Heroin and "moonshine" whiskey are examples of contraband *per se*. Derivative contraband is property innocent by itself, but used in the perpetration of an unlawful act. An example of derivative contraband is a truck used to transport illicit goods.

Most jurisdictions have procedures by which derivative contraband may be forfeited.[3] However, in a forfeiture proceeding, derivative contraband will be treated differently from contraband *per se*. In *One 1958 Plymouth Sedan, supra*, the Commonwealth of Pennsylvania sought the forfeiture of an automobile used to transport untaxed liquor. It appeared that officers of the Pennsylvania Liquor Control Board had searched the automobile and seized the liquor without probable cause. The hearing judge denied the forfeiture petition on the ground that forfeiture of the automobile depended upon the admission of evidence seized in violation of the Fourth Amendment as applied to the States by the Fourteenth Amendment. This court reversed, and directed that the automobile be forfeited, 199 Pa.Super. 428, 186 A.2d 52 (1962), and on further appeal, the Supreme Court affirmed our order, 414 Pa. 540, 201 A.2d 427 (1964). The United States Supreme Court granted certiorari, and reversed, holding that when the property in question was derivative contraband, the exclusionary rule of *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L. Ed. 652 (1914), and *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), was applicable in a proceeding to forfeit the property. The Court recognized that in *United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951), and *Trupiano v. United States*, 334

3. *Compare*, 49 U.S.C. § 782; 35 P.S. § 780–128(a)(4); 47 P.S. § 6–601 *et seq.*; 72 P.S. § 3169.1001 (1976 Supp.).

U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948), it had been said in *dictum* that the fact that contraband was inadmissible in a criminal prosecution, because seized in violation of the Fourth Amendment, did not mean that the government was obliged to return it. In those cases, however, the contraband was contraband *per se*—in *Jeffers*, illegally imported narcotics, and in *Trupiano*, a still, alcohol, and mash. The Court explained that

> repossession of such per se contraband by Jeffers and Trupiano would have subjected them to criminal penalties. The return of the contraband would clearly have frustrated the express public policy against the possession of such objects. *Id.* at 699, 85 S.Ct. at 1250.

In the present case, as has been mentioned, it appears that in the criminal prosecutions against appellant, appellant's motion to suppress the property seized in his home was granted on the ground that the property had been seized in violation of the Fourth Amendment. Consequently, if the property was derivative contraband, the lower court should have granted appellant's petition for the return of his property. *One 1958 Plymouth Sedan, supra.* The lower court's order that the property be forfeited and destroyed was proper only if the property was contraband *per se*, so that appellant's repossession of it would subject him to criminal penalties. *One 1958 Plymouth Sedan, supra; United States v. Jeffers, supra; Trupiano v. United States, supra.*

## II

■ To determine whether property is contraband, and if so, what type of contraband, one must refer to the nature of the property and to the statute or statutes that it is contended make possession of the property or its use unlawful. *Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999 (1976).

Several different methods of describing the property seized in appellant's home have been used by the parties.

For purposes of our discussion, we shall adopt the classifications suggested by appellant in his brief to this court. Brief of Appellant at 3–4. These classifications are as follows:

1. Automatic weapons, machine guns, and automatic pistols;

2. Six pistols with shoulderstocks;

3. One silencer for a pistol;

4. Pistols;

5. Rifles;

6. Knives, swords, and a machete;

7. Ammunition;

8. Weapon parts, including parts for machine guns and automatic pistols, as well as parts for regular rifles and pistols;

9. Ammunition magazines and ammunition clips for both automatic and regular weapons;

10. Items that the Commonwealth has agreed to return; [4]

11. A propelling charge and a grenade simulator;

12. Containers of sporting gun powder, which powder is smokeless and non-explosive;

13. Containers of black sporting powder;

14. Destructive devices or explosives, plastic explosives, electric squibs, TNT and hand grenade fuses;

15. Pyrotechnics and fireworks.

---

**4.** Appellant includes this classification of items in his appeal although there was no finding by the lower court that these items are contraband. Appellant, however, "would remind [this court] that even though it has agreed to retain [sic—return?] these items, the Commonwealth has not yet done so." Brief of Appellant at 17. If appellant has a complaint that the Commonwealth has breached some agreement, his recourse in the first instance is not to this court.

Except for the items in Classification 10,[5] the lower court found all of the property to be contraband. On this appeal, appellant challenges that finding only with respect to some of the classifications. He does not appeal as to the following classifications: (1) automatic weapons, machine guns, and automatic pistols; (2) six pistols and shoulderstocks; (3) one silencer for a pistol; (11) a propelling charge and a grenade simulator; (14) destructive devices or explosives, plastic explosives, electric squibs, TNT and hand grenade fuses; and (15) pyrotechnics and fireworks. Accordingly, we need only review the lower court's finding of contraband as to these classifications: (4) pistols; (5) rifles; (6) knives, swords, and a machete; (7) ammunition; (8) weapon parts, including parts for machine guns and automatic pistols, as well as parts for regular rifles and pistols; (9) ammunition magazines and ammunition clips for both automatic and regular weapons; (12) containers of sporting gun powder, which powder is smokeless and non-explosive; and (13) containers of black sporting powder.

## Classifications 4, 5, 7, 8 and 9

The pistols, rifles, ammunition, weapon parts, and ammunition magazines and clips may be dealt with together. The lower court cited a string of statutes that prohibit appellant's possession or use of these items.[6] However, we need look no further than the Federal Gun Control Act of 1968, 18 U.S.C. § 921 et seq.

█ The Gun Control Act prohibits unlicensed dealing in firearms and ammunition. § 922(a)(1). The question before the lower court, therefore, was whether

5. See footnote 4, *supra.*

6. 26 U.S.C. § 5861; 26 I.R.C. § 178 *et seq.*; 18 U.S.C. § 921 *et seq.*; 18 U.S.C. § 841 *et seq.*; 18 Pa.C.S. § 6112 *et seq.*; 35 P.S. § 1271 *et seq.*; Philadelphia City Ordinances § 5–1001 *et seq.*, and § 10–814 *et seq.*

appellant had engaged in such dealing. Since this is a forfeiture proceeding, proof of the elements of unlicensed dealing was not required beyond a reasonable doubt, but only by a preponderance of the evidence. *Commonwealth v. Landy, supra; Commonwealth v. One 1927 Graham Truck*, 165 Pa.Super. 1, 67 A.2d 655 (1949); *Commonwealth v. 3 Halves of Beer*, 162 Pa.Super. 191, 56 A.2d 333 (1948).

Applying this standard, the lower court found that appellant had engaged in unlicensed dealing. The court particularly relied on the evidence of the "nature, quality and method of storage" of the items and ammunition. Appellant contended that the items were only a "reference collection" for his use as a "forensic ballistics expert". This contention was rebutted by the Commonwealth's expert testimony that the type of weapons and their duplication and manner of storage (export quality packaging) were not consistent with a "reference collection" but rather indicated dealing. The Commonwealth also introduced evidence that the files of the appropriate federal agencies disclosed no dealer's license for appellant.

On this record we have no difficulty in concluding that the lower court was justified in finding by a preponderance of the evidence that appellant had engaged in unlicensed dealing in violation of the Gun Control Act. It follows that the pistols, rifles, weapons parts, and ammunition magazines and clips were contraband *per se*, and therefore could be forfeited; appellant's repossession of them would enable him to resume dealing in them and hence "would clearly . . . frustrate [] the express public policy against the possession of such objects." *One 1958 Plymouth Sedan, supra*, 380 U.S. at 699, 85 S. Ct. at 1250.[7] It may be added in this regard that the

7. The Gun Control Act itself provides for forfeiture of these items. 18 U.S.C. § 924(d).

lower court did not err in including the weapons parts as contraband, for the Gun Control Act includes those in its prohibition. 18 U.S.C. § 921(a)(3)(B). The same may be said of the court's inclusion of the ammunition magazines and clips, which are within the definition of "Ammunition" in the Gun Control Act and may not be dealt with without a license. 18 U.S.C. § 921(a)(17).

### Classifications 12 and 13

It will be convenient to consider these in reverse order.

■ As to classification 13 (containers of black sporting powder), the lower court properly found that appellant's possession of the powder was prohibited by 73 P.S. § 151 *et seq.*,[8] which regulates the storage of explosives, and by Philadelphia City Ordinances § 5–1001 *et seq.*, which make it unlawful to possess in the city explosives in the amount taken from appellant's home. The explosives were therefore contraband *per se* and were correctly forfeited.

■ As to classification 12 (containers of sporting gun powder, which is smokeless and non-explosive), appellant seeks to distinguish this gun powder from the "explosive" gun powder regulated by statute and ordinance. We need not respond to that argument since the lower court properly found that appellant did not comply with the Act of March 20, 1856, P.L. 137, § 6, 53 P.S. § 16568, which establishes a statute of limitations on petitions for the return of gunpowder in Philadelphia. Since appellant did not file his petition for return of the gunpowder within the specified three months of the time of the seizure, his petition was properly denied and appellant cannot object to the gunpowder being forfeited.

8. Act of July 1, 1937, P.L. 2681, § 1 *et seq., as amended* 73 P.S. § 151 *et seq.*

*Classification 6*

█ The lower court found these items (knives, swords, and a machete) to be contraband and subject to forfeiture. However, the court cited only the Prohibited Offensive Weapons Statute, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 908, which became effective on July 6, 1973, well after the June, 1971, seizure of appellant's property. It may be that the court did not mean that appellant's possession in 1971 was prohibited, but, rather, was speaking to the fact that these weapons were contraband *per se* since return of them to appellant *now* would put him in violation of the law. However this may be, we are unable to review the lower court's findings with respect to this classification. Despite diligent efforts on part of the Superior Court Prothonotary, we have been able to procure only part of the record. The part we have does not include evidence with respect to classification 6. Nor do we have any findings of fact and conclusions of law by the lower court on this classification. We are compelled, therefore, to reverse the lower court's order as to the knives, swords, and machete and remand for findings of fact and conclusions of law with respect to this property.

The order of the lower court is affirmed except as regards the knives, swords, and machete, as to which the order is reversed and the case remanded for further proceedings consistent with this opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.