439 A.2d 823

**COMMONWEALTH of Pennsylvania**

v.

**Edward COGHE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed Jan. 8, 1982.

Joseph Budicak, Beaver, for appellant.

John L. Brown, Jr., Assistant District Attorney, Beaver, for Commonwealth, appellee.

Before CAVANAUGH, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Beaver County, Criminal Division, and involves the appellant-defendant's claim that the court below erred

when it granted the Commonwealth's Petition for Forfeiture of his property, specifically $1,000 of United States currency which the appellant had paid to a hired killer as a down payment for the contract killing of the appellant's wife. The scheme was aborted and the murder never occurred.

On November 21, 1978 the appellant pled guilty to the crime of Criminal Solicitation to Commit Murder in connection with the above-mentioned incident. On January 2, 1979, he was sentenced to a term of imprisonment of not less than two (2) nor more than five (5) years, and to pay a fine of $2,000. The Commonwealth subsequently filed its petition requesting that the $1,000 that appellant had paid to the person who he had hired to murder his wife be forfeited. On November 26, 1980 the court below granted the forfeiture of the $1,000. The appellant claims that the court below had no authority to grant the forfeiture of the $1,000 and that the money should be returned to him. We disagree.

Property which is contraband may be forfeited to the Commonwealth. See *35 P.S. 780–128; Commonwealth v. Landy*, 240 Pa. Superior Ct. 458, 362 A.2d 999 (1976). There are two classes of contraband: contraband per se, the mere possession of which is unlawful, such as moonshine, heroin, certain prohibited offensive weapons, and other such items; and derivative contraband, which is property which is not inherently illegal but which is used in the perpetration of an unlawful act. *Commonwealth v. Fassnacht*, 246 Pa. Superior Ct. 42, 369 A.2d 800 (1977). Money proceeds derived from and directly traceable to the sale of an illegal drug and motor vehicles used to transport illegal drugs or moonshine have been held to be derivative contraband. *Commonwealth v. Landy*, supra.

In the instant case the $1,000 in United States currency that the appellant paid to the person who he had hired to murder his wife is an example of derivative contraband in that the money itself is obviously not inherently illegal but, just as obviously, it was used in the perpetration of an

210

unlawful act, namely; criminal solicitation to commit murder. Thus, we find that the lower court correctly granted the Commonwealth's petition and we deny the appellant's outrageous attempts to have the "blood money" returned to him.

Order affirmed.