492 A.2d 6

**ESTATE OF Harry PEETROS by Executrix, Helen PEETROS, Appellee,**

v.

**COUNTY DETECTIVES AND DISTRICT ATTORNEY'S OFFICE.**

**Appeal of COMMONWEALTH of Pennsylvania.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1984.

Filed April 19, 1985.

Sandra L. Elias, Deputy District Attorney, Media, for Commonwealth, appellant.

Gary A. Hurwitz, Media, for appellee.

Before MONTEMURO, BECK and WATKINS, JJ.

BECK, Judge:

Appellee Helen Peetros is the executrix of the estate of her husband, Harry Peetros (hereinafter "decedent"), who was murdered on May 23, 1981. She filed a motion seeking the return of certain books seized from the decedent's office by police investigating the homicide. The Commonwealth asserts that the books are records of the decedent's loan-sharking operations and are therefore contraband subject to forfeiture. The court below initially granted appellee's motion. The Commonwealth then petitioned for and re-

ceived a rehearing. After the rehearing, the court once again granted the motion.[1] The Commonwealth appealed.

We reverse the order of the trial court granting appellee's motion, and find that the record books are derivative contraband subject to forfeiture.

 The trial court properly treated Mrs. Peetros' motion as a motion for return of seized property under Pa.R. Crim.P. 324, although the motion makes no reference to the rule. Under Rule 324 the court may order the property to be forfeited if it determines the property to be contraband. Contraband property is divided into two classes: contraband per se and derivative contraband. Contraband per se is property the mere possession of which is unlawful, and derivative contraband is property which is innocent in itself but which has been used in the perpetration of an unlawful act. *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); *Commonwealth v. Fassnacht*, 246 Pa.Super. 42, 369 A.2d 800 (1977). In a forfeiture proceeding, the Commonwealth has the burden of proving that the property is contraband by a preponderance of the evidence. *Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999 (1976).

 The trial court's findings of fact indicate that the court believed the Commonwealth's expert witness who testified on rehearing that the notations in decedent's books were records of loan-sharking activities, i.e. the illegal practice of lending money at egregiously usurious rates of interest. The court found that many of the sheets recorded loans at an effective interest rate of over one hundred percent (100%) per annum (Findings of Fact 10–13, Trial Court Opinion at 2–3). The court correctly concluded that

1. The court's order granting the motion included the proviso that appellee was to receive photocopies of the records at first, with the originals to be turned over to her upon the disposition of post-verdict motions in a criminal action in Delaware County against James Peetros (decedent's brother) and James Eden. James Peetros and James Eden were charged in that action with bribery and conspiracy in connection with an attempt to obtain the books from the police by illegal means.

charging such interest was a criminal offense under 41 Pa.S. § 505 (Conclusions of Law 1–2, Trial Court Opinion at 3).

Despite its finding that the evidence connected the record books with an illegal activity, the court decided that the books were not derivative contraband. The court noted that the record books lended themselves to use for lawful purposes; i.e. that the record borrower is liable to the lender for the principal and the maximum legal interest rate (*see* 41 Pa.S. § 501). The court, therefore, concluded:

5. The records, which are the subject matter of this Petition, would constitute derivative contraband if they were used to collect usurious interest on the debts owned [sic] the decedent's estate.

6. The records which are the subject matter of this Petition may be used to collect upon the lawful debts owed to the decedent's estate plus interest calculated at the legal rate.

7. The Court may not assume or attribute illegitimate motives or illegal purposes to the Petitioner's reasons for attempting to regain possession of records.

Conclusions of Law 5–7, Trial Court Opinion at 4. Appellee asks us to affirm these conclusions, arguing that Helen Peetros is entitled to the records so she can collect the "just debts" owed her husband's estate.

We agree with the Commonwealth that the trial court's conclusions of law indicate that it misapprehended the nature of the inquiry involved in deciding whether property is derivative contraband. It is the status of the property when it was seized and the uses to which it had been put at the time which are determinative, not whether the property will be used for only lawful purposes in the future. To hold otherwise would be inconsistent with the entire concept of derivative contraband. By definition, derivative contraband is property which may be used in a lawful manner. Yet it is still subject to forfeiture under the law because of its prior connection with criminal activity. It is no defense to an action for forfeiture of an automobile

used to transport illegal drugs to vow that the vehicle will be used for strictly lawful purposes in the future.[2] It is likewise insufficient for appellee to claim that the record books will only be used in the future to enforce legal debts.

 The record books are therefore subject to forfeiture as derivative contraband if the Commonwealth meets its burden of connecting them with criminal activity. We hold that the Commonwealth has carried this burden. In addition to the facts found by the trial court at Findings of Fact 10–13, the record contains undisputed testimony that payments had already been made on some of the loans. *See* N.T. 13/7/83 at 30, 34. This clearly established that decedent had charged and collected usurious interest in violation of 41 Pa.S. § 505.

 Appellee's argument that the Commonwealth has not met its burden because "decedent was never formally charged or suspected of any criminal activity" (Appellee's Brief at 15) or, alternatively, because "the Commonwealth is attempting to categorize the property as derivative to a crime which it has never been [sic] proven to have occurred" (*Id.* at 16) is clearly meritless. Conviction of the owner or possessor of the contraband for the underlying crime is not necessary[3], and even an acquittal does not operate as a bar to a finding of contraband. *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972); *Commonwealth v. 1978 Toyota*, 321 Pa.Super. 549, 468 A.2d 1125 (1983). Contrary

2. By way of further illustration, property may be forfeited even if its owner had no knowledge of and did not consent to the prior unlawful use by another. *United States v. One 1951 Cadillac Coupe De Ville*, 108 F.Supp. 286 (W.D.Pa.1952); *Commonwealth v. Two Electronic Poker Game Machines*, 502 Pa. 186, 465 A.2d 973 (1983); *but see Commonwealth v. One 1972 Ford Pickup Truck*, 49 Pa.Commw. 600, 411 A.2d 892 (1980) (owner's knowledge relevant to discretion of court in cases under the Liquor Code); Act of December 14, 1984, P.L. ——, No. 200, 35 P.S. § 780–128 (a)(6)(ii) (property not forfeitable under Controlled Substance Act if owner establishes lack of knowledge).

3. It is important to bear in mind that a conviction for the underlying crime requires proof beyond a reasonable doubt while a finding of contraband may be made on a preponderance of the evidence.

to appellee's claim that "the Commonwealth has not provided one fact that the decedent used the property in an illegal manner" (Appellee's Brief at 16), the Commonwealth has provided ample factual support for the conclusion that these record books are derivative contraband.

The order of the trial court is reversed and the subject property is ordered forfeited to the Commonwealth. Jurisdiction is relinquished.