559 A.2d 936

**COMMONWEALTH of Pennsylvania**

**v.**

**Gregory S. ARTHUR, Appellant.**

Superior Court of Pennsylvania.

Argued December 1, 1988.

Filed May 10, 1989.

Reargument Denied June 26, 1989.

1.  *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Gary F. Selway, Greensburg, for appellant.

William C. Gallishen, Assistant District Attorney, Greensburg, for Com., appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

In this appeal we are asked to review the propriety of a sentence directing the surrender and destruction of a firearms collection which was not used in the commission of the crimes for which Appellant was convicted. We reverse.

Appellant was sentenced to a total of seven (7) years probation, fined seven-hundred and fifty dollars, ($750.00), with additional costs, and ordered to surrender for destruction his gun collection, following a conviction for corrupting minors, reckless endangerment of another person, and criminal mischief.

The conviction resulted from an incident on Halloween in which Appellant stopped a group of boys near his home and after talking with them produced a .44 caliber pistol, waived the pistol at the boys and specifically pointed it at one boy. Then Appellant showed the boys how to place dog feces in a paper bag, make a wick, and light it. After showing them this "trick", Appellant once again waved the pistol at the

boys and then pointed the pistol specifically at a second boy's head.

After a jury trial and sentencing, a petition to modify sentence was filed by Appellant's new attorney. In this petition, Appellant stated that he was indigent and "in need of the proceeds for the sale of said firearm [sic]," and therefore, he requested that the part of the sentencing order providing for the "confiscation and destruction of a firearm [sic]" be modified.

On appeal, Appellant claims through new counsel, that his sentence, which results in the forfeiture of his firearms collection, was illegal and unconstitutional under Article 1, Subsection 9 of the Pennsylvania Constitution. He also contends that despite his failure to raise this issue in his petition to modify sentence, it has not been waived.

It is well settled that a challenge to the legality of a sentence can never be waived. *Commonwealth v. Eliason,* 353 Pa.Super. 321, 509 A.2d 1296, 1298, n. 3 (1986); *Commonwealth v. Cooke,* 342 Pa.Super. 58, 492 A.2d 63 (1985). However, we need not decide if the confiscation of personal property, not contraband, without compensation is such an illegal, unwaivable sentence, which violates the Appellant's due process rights under the Pennsylvania Constitution. Instead we accept Appellant's alternative position that Appellant's post-trial counsel was ineffective for failing to raise and preserve this challenge to Appellant's sentence.

Ineffectiveness claims are measured by two components. First, counsel's performance is evaluated in light of its reasonableness if it is determined that the underlying claim is of arguable merit. Second, we require that the defendant demonstrate how the ineffectiveness was prejudicial. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973, 975 (1987).

Turning to the merits of the claim that the sentence was illegal, we first note that the trial court did not order the forfeiture of the pistol actually used in the crime, rather as the court stated, "[T]he pre-sentence investigation shows that you have a collection of firearms. I direct those be surrendered to the appropriate police authorities and that

they be destroyed." (N.T. *Sentencing,* April 20, 1988 at 7–8). Therefore, the narrow issue is whether it was illegal for the sentencing court to order the confiscation and destruction of firearms not used in the crime.

The Commonwealth argues that the court had the power and authority to order the forfeiture of the gun collection on two grounds; first, statutory authority, under 42 Pa.C. S.A. § 9754, (Sentencing Code), and second, the common law power of a court to order confiscation of "derivative" contraband.

■ 42 Pa.C.S.A. § 9754(c)(7) states that, "a court may as a condition of its order of probation require the defendant to have in his possession no firearm or other dangerous weapon unless granted written permission." Section (c)(13) states that the court may require the defendant to "satisfy any other condition reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." The Commonwealth claims that these provisions of the Sentencing Code provide statutory authority for the sentence imposed. However, we do not find any language in this statute which authorizes such confiscation without compensation. In fact, the procedure for disposal of prohibited firearms is simply not specified, nor is there any indication, either in statutory or case law, whether a defendant must sell the firearms, give them away, or surrender them for destruction.

■ More fundamentally, such confiscation violates Appellant's right not be deprived of his property without due process of law or its legal equivalent under the Pennsylvania Constitution, "the law of the land." Pa. Const. Art. 1 § 9; *Commonwealth v. Heck,* 341 Pa.Super. 183, 491 A.2d 212 (1985), affirmed 517 Pa. 192, 535 A.2d 575 (1987). *Eiffert v. Pennsylvania Central Brewing Co.,* 141 Pa.Super. 543, 15 A.2d 723 (1940). The foundation of due process is the protection of the individual from arbitrary action of the government. *Commonwealth v. Hernandez,* 339 Pa. Super. 32, 488 A.2d 293, 299 (1985). Although we agree that there is statutory authority as well as reasonable

policy arguments for requiring Appellant as a condition of probation to refrain from possessing firearms, the uncompensated confiscation and destruction of Appellant's property is purely arbitrary and lacks such statutory authority and reasonableness.

The Commonwealth argues that contraband and derivative contraband may be confiscated without explicit statutory authorization and on this basis the court's action could be sustained. The Commonwealth cites, *Estate of Peetros v. County Detectives,* 341 Pa.Super. 558, 492 A.2d 6 (1985), and *Commonwealth v. Coghe,* 294 Pa.Super. 207, 439 A.2d 823 (1982) as authority for this proposition. Although it is unclear at best whether these cases rely upon statutory authority, more importantly, the firearm collection does not constitute derivative contraband, as defined in these same cases. Derivative contraband is property, not inherently illegal, but which is used in the perpetration of an unlawful act. *Id.,* 294 Pa.Superior Ct. at 209, 439 A.2d 823. It has never been claimed that the gun collection was used in the underlying crime or in the perpetration of an unlawful act. Therefore, it is not derivative contraband subject to forfeiture.

Given that there is neither statutory or decisional authority to order confiscation and destruction of Appellant's property which was not used in the underlying crime, we hold that there is merit to the claim and there was no reasonable basis for counsel to have failed to challenge this forfeiture. Furthermore, the resulting prejudice is clear. We therefore vacate the sentence, and remand for a new sentencing hearing. At that time the trial court may, if it chooses, impose as a condition of probation that Appellant must not have any guns in his possession. Furthermore, while § 9754(c)(7) grants to the sentencing judge the discretion to impose such a condition of probation, it does not authorize as a condition of probation the transfer of title or ownership of firearms. The legislature has given to the sentencing judges the authority to ensure that during a probationary period the accused does not have possession of

firearms. However, the legislature has not authorized the divestiture of ownership of firearms during probation. Thus, the trial court has the discretion only to direct the manner in which possession of a firearm shall be transferred out of Appellant, and may not make any order which would affect any other aspect of Appellant's ownership of the property.

Judgment of sentence vacated and the matter remanded to the trial court for resentencing in accordance with this Opinion.