## Commonwealth v. $5,000 in U.S. Currency

*Richard R. Tomsho, deputy district attorney,* for the Commonwealth.

*Leighton Cohen,* for defendant Nancy Bernstein.

BACKENSTOE, *P.J.,* October 17, 1990 — On December 4, 1978, Sanford Bernstein was arrested and charged with the crime of criminal solicitation after he attempted to hire a "hit man" to kill his wife. He was convicted of the crime in September 1979, and despite numerous appeals, the conviction was never overturned. For the purposes of this forfeiture proceeding, Mr. Bernstein has agreed that the court may accept as proven that the $5,000 at

issue here is the "down money" given as the initial payment for the contract killing.

In the present action, three claimants are attempting to show their legal rights to the $5,000. The Commonwealth has petitioned for the forfeiture of the money. In addition, Nancy Bernstein and Sanford Bernstein have each brought their own respective motions for the return of property.

At the hearing on the matter, Nancy Bernstein testified that on December 4, 1978, Sanford Bernstein obtained a check from the couple's joint savings account which was in both their names. It was in the amount of $5,000. She also testified that she had not consented to this act and that he had forged her name to the check in order to obtain the cash.

The district attorney filed a petition for forfeiture of the $5,000 on June 1, 1990. Mr. Bernstein filed an answer to the Commonwealth's petition alleging that the action was time-barred by the applicable statute of limitations. His answer also contained a motion for the return of property requesting the return of the $5,000 to him. Mrs. Bernstein filed an answer and a petition for the return of property in her own right. The arguments of the three interested parties were heard by this court.

Nancy Bernstein's and Sanford Bernstein's respective motions for the return of property are based on Pa.R.Crim.P. 324, which states:

"Rule 324. *Motion for Return of Property*

"(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

"(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited."

As interpreted by the Superior Court, on any motion for the return of property, the moving party must first establish entitlement to lawful possession, Rule 324(a). If this is shown, the burden then shifts to the Commonwealth to prove that the property at issue is contraband under Rule 324(b). See *Commonwealth v. Pomerantz,* 393 Pa. Super. 186, 573 A.2d 1149 (1990). As a result of this guidance, we will first examine whether either of the claimants, Sanford Bernstein and Nancy Bernstein, have established entitlement to legal possession of the $5,000. We will then examine whether the Commonwealth has met its burden of proving that the $5,000 is contraband and should therefore be forfeited to the Commonwealth.

### Sanford Bernstein

We need not examine whether Sanford Bernstein has shown legal entitlement to the $5,000 because he failed to raise Rule 324 in a timely manner. He did not make any motion for the return of property in the lower court in post-verdict motions following conviction or at the time of sentencing. His right to make such a motion was therefore waived. See *Commonwealth v. Setzer,* 258 Pa. Super. 236, 392 A.2d 772 (1978).

In addition to Mr. Bernstein's waiver of the Rule 324 motion, the Superior Court has previously upheld the forfeiture to the Commonwealth of "down

money" such as the $5,000 in dispute in this case. In *Commonwealth v. Coghe,* 294 Pa. Super. 207, 439 A.2d 823 (1982), the appellant Coghe requested the return of money he had paid on a contract to have his wife killed. The Superior Court affirmed the lower court's denial of the appellant's petition and granted the Commonwealth's petition for forfeiture, noting that "we deny the appellant's outrageous attempts to have the 'blood money' returned to him." *Commonwealth v. Coghe, supra,* 294 Pa. Super. at 210, 439 A.2d at 824 (1982). In the case at bar we conclude that Sanford Bernstein waived his right to a Rule 324 motion, and even if he had not done so, we would have denied his petition on the basis of the precedent set by *Coghe, supra.*

### Nancy Bernstein

Nancy Bernstein has established her entitlement to lawful possession of the disputed funds through her testimony that the $5,000 was taken from her joint savings account by Mr. Bernstein without her consent. She also testified that Mr. Bernstein forged her name to the check in order to obtain the funds. Under Pennsylvania law, married couples own property jointly as tenants by the entirety. Neither spouse may independently appropriate entireties property to his or her own use to the exclusion of the other. *Shapiro v. Shapiro,* 424 Pa. 120, 224 A.2d 164 (1966). It has also been held that neither spouse, acting independently, may sever the estate by, for example, conveying part of the property away. *Backus v. Backus,* 464 Pa. 380, 346 A.2d 790 (1975). Despite the Commonwealth's claims to the contrary, Mr. Bernstein's act of withdrawing the $5,000

without Mrs. Bernstein's consent did not affect Mrs. Bernstein's ownership of the $5,000 as a tenant by the entirety.

Mrs. Bernstein has a legal right to the $5,000 as a tenant by the entirety, without regard for Mr. Bernstein's actions. In *Cohen v. Goldberg,* 431 Pa. 192, 244 A.2d 763 (1968), a wife authorized her nephew to make withdrawals from a bank account she held jointly with her husband. The Pennsylvania Supreme Court held that the husband was entitled to the disputed funds because he had never consented to the withdrawals. Like the husband in *Cohen,* Mrs. Bernstein never consented to Mr. Bernstein's removal of the $5,000 from their savings account. She is still legally entitled to those funds as a result.

### The Commonwealth

Having established Nancy Bernstein's legal rights to the $5,000, under Pa.R.Crim.P. 324(b), the burden now shifts to the Commonwealth to show that the property at issue is contraband. In examining the Commonwealth's case we must first address the question of whether this forfeiture petition is time-barred by an applicable statute of limitations.

The Commonwealth's petition for forfeiture was brought on June 1, 1990, some 11 years after Sanford Bernstein was convicted of the crime of criminal solicitation. The applicable statute of limitations is 42 Pa.C.S. §5524(5), titled "Two year limitation," which reads: "The following actions and proceedings must be commenced within two years: (5) an action upon a statute for a civil penalty or forfeiture." Although this particular provision would seem to apply to the Commonwealth's action in the present case, cases construing the statute provide otherwise.

In *Commonwealth, Dept. of Transportation v. J.W. Bishop & Co.,* 497 Pa. 58, 439 A.2d 101 (1981), the Supreme Court of Pennsylvania held that statutes of limitation do not apply to government actions unless the statute under which an action is brought specifically provides for time limitations against the Commonwealth. This case followed the ancient doctrine of nullus tempus occurit regi, meaning "time does not run against the king." The Commonwealth contends that no statute authorizing forfeiture applies in this case, because the forfeiture action was brought under the common-law doctrine of derivative contraband. If no specific forfeiture statute applies in this case, the Commonwealth reasons, then no time limitations specifically running against the Commonwealth may apply either.

The Commonwealth is correct in that this action is not based on any specific provision of a statute authorizing forfeiture, such as 42 Pa.C.S. §6801, which authorizes forfeitures pursuant to the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. §780-113 et seq. But under the doctrine of common-law forfeiture as applied in Pennsylvania, an item may be forfeited only if a statute prohibits the illicit activity in which such an item was used. "In order to determine whether property is contraband, therefore, reference must be made to the statute that outlaws the property or the *particular use of the property." Commonwealth v. Landy,* 240 Pa. Super. 458, 463, 362 A.2d 999, 1001 (1976). (emphasis supplied) In the case at bar, the $5,000 is forfeitable because it was used to commit the crime of criminal solicitation. See 18 Pa.C.S. §902.

Although the proposed forfeiture in this case was brought in reference to the criminal solicitation statute, it nevertheless appears that the Commonwealth's case is not time-barred. This is due to the

fact that the criminal solicitation statute has no specific provisions conferring time limitations on the Commonwealth. In *Commonwealth v. Seymour,* 120 Pa. Commw. 423, 549 A.2d 246 (1988), the Commonwealth Court held that no statute of limitations applied to the Commonwealth's divestment action because no specific time constraints against the Commonwealth were found in the divestment statute itself. Because no period of limitations against the Commonwealth is set forth in the criminal solicitation statute, we find that the Commonwealth's action is not time-barred under section 5524(5).

Although section 5524(5) does not apply, in the interests of fairness we seek to apply a period of time limitation to the Commonwealth's petition so that actions such as this may not be brought at any point in time. In an attempt to place some time constraints on the Commonwealth, we refer to 42 Pa.C.S. §5527, which places a six-year statute of limitations on actions not covered by section 5524(5).

The Commonwealth claims that the six-year limitation of actions mandated by section 5527 does not begin to run until Mr. Bernstein's appeals were finalized. As a general statement this is correct. "In general, an appeal is not regarded as a new suit, but as a continuation of the original action or proceeding." 24 C.J.S. *Criminal Law* §1660. See also, *U.S. v. Claus,* 5 F.R.D. 278 (D.C.N.Y. 1946). Since Mr. Bernstein's second appeal to the Superior Court was not finalized until 1986, the Commonwealth's action is not time-barred under section 5527 until 1992. We conclude that the Commonwealth's action was not time barred by section 5527 at the time the petition for forfeiture was brought.

Having found that the Commonwealth's petition is not barred by these statutes of limitations, we now turn to the merits of the Commonwealth's case. The Commonwealth's petition for forfeiture is not based on a specific provision of a statute authorizing forfeiture, such as that contained in the Controlled Substance, Drug, Devices and Cosmetic Act. (See 35 P.S. §780-113 et seq. and 42 Pa.C.S. §6801.) The principles of common law forfeiture and derivative contraband were enunciated in *Commonwealth v. Fassnacht,* 246 Pa. Super. 42, 46, 369 A.2d 800, 802 (1977):

"Contraband *per se* is property, the mere possession of which is unlawful. Heroin and 'moonshine' whiskey are examples of contraband *per se*. Derivative contraband is property innocent by itself, but used in the perpetration of an unlawful act. An example of derivative contraband is a truck used to transport illicit goods." (citations omitted; emphasis in original)

The Commonwealth has brought its petition for forfeiture based on the proposition that Sanford Bernstein's use of the $5,000 as a down payment on the "contract killing" — the perpetration of an unlawful act — transformed the money from lawful currency into derivative contraband. A number of recent Pennsylvania cases upholding the common-law forfeiture of derivative contraband strengthens the Commonwealth's position. See *Commonwealth v. Crosby,* 390 Pa. Super. 140, 568 A.2d 233 (1990); *Estate of Peetros v. County Detectives,* 341 Pa. Super. 558, 492 A.2d 6 (1985); and *Petition of Maglisco,* 341 Pa. Super. 525, 491 A.2d 1381 (1985).

In implementing the forfeitures of derivative contraband, two justifications for its existence have been cited. It is meant to impose a penalty while at the same time removing "the operating tools of

crime from criminals." *Petition of Maglisco,* 341 Pa. Super. at 532, 491 A.2d at 1385. In order to mitigate the harshness of forfeiture taking place without any statutory safeguards, the *Maglisco* court endorsed two reforms. The first requires "a minimal showing of blameworthiness — albeit not necessarily criminal culpability — on the part of the object's [or item's] owner." *Maglisco, supra,* 341 Pa. Super. at 532-3, 491 A.2d at 1385. The second reform imposes a requirement of proportionality in granting such a forfeiture: "even if the requisite minimum of blameworthiness is present, is the value of the forfeited item in any reasonable way commensurate or proportional to the offense?" *Maglisco, supra,* 341 Pa. Super. at 533, 491 A.2d at 1385.

The Commonwealth has failed to show that Nancy Bernstein is in any way blameworthy for her husband's actions. It has also failed to demonstrate that forfeiture of the $5,000 would be commensurate with the offense of criminal solicitation. While forfeiture in this case may well remove the "operating tools" of the criminal, Sanford Bernstein, it would also punish an innocent party, Nancy Bernstein, who has already been wronged by her husband's criminal acts.

Despite Nancy Bernstein's interest in the money, the Commonwealth attempts to satisfy its burden of proving that the money is forfeitable as derivative contraband by asserting that Sanford Bernstein's actions "transformed" the money into derivative contraband. It argues that the money is automatically the subject of forfeiture as a result.

Case law does not support the Commonwealth's contention. In *Commonwealth v. Crosby, supra,* the appellant was convicted of driving under the influence of alcohol, and the truck he was driving during the commission of the offense was deemed forfeited

by the trial court. The Superior Court found that the truck qualified as derivative contraband because it was used in committing an illegal act, and therefore fell under legal authority granting such forfeitures. Despite these findings, however, the court would not permit the truck's forfeiture without some contemplation of the appellant's interest in the vehicle and the interest of his family. "Failure to consider these factors concerning legal ownership and use of the vehicle may have the effect of inappropriately penalizing innocent family members." *Crosby, supra,* 390 Pa. Super. at 156, 568 A.2d at 241. In the same manner we must weigh the interests of innocent family members in the $5,000. We find that the forfeiture of the $5,000 to the Commonwealth would inappropriately penalize an innocent family member, Nancy Bernstein.

We conclude that the Commonwealth has failed to carry its burden of showing that the forfeiture of this "derivative contraband" is justified in light of Nancy Bernstein's interest in the money. She has fulfilled her burden of showing her legal entitlement to possession of the property and the money is hereby returned to her.

## ORDER

Now, October 17, 1990, upon consideration of briefs submitted by counsel, after oral argument and for the reasons expressed in the accompanying opinion, it is hereby ordered that the Commonwealth's petition for forfeiture of $5,000 in U.S. currency is hereby denied.

Sanford Bernstein's motion for return of property pursuant to Pa.R.Crim.P. 324 is hereby denied.

Nancy Bernstein's motion for return of property pursuant to Pa.R.Crim.P. 324 is hereby granted. The $5,000 in U.S. currency shall be returned to her.