**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Gina M. PERIN.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 15, 1998.

Decided Nov. 24, 1998.

Reargument Denied Jan. 27, 1999.

---

Jacquelyn C. Paradis, Chief Deputy Dist. Atty., and Diane M. Marakovits, Asst. Dist. Atty., Allentown, for appellant.

Anthony J. Martino, Bangor, for appellee.

Before McGINLEY, J., SMITH, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

 This is an appeal from an order entered by the Court of Common Pleas of Lehigh County granting Appellee's petition for the return of property pursuant to Pa. R.Crim. P. 324.[1] The Commonwealth ques-

---

1. Rule 324 provides:

(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a

tions whether the trial court erred in concluding that the Commonwealth failed to prove that the property in question is derivative contraband.[2]

## I

Appellee was arrested on May 30, 1997 for various drug-related offenses, and the Commonwealth seized the 1997 Chevrolet Blazer she was driving at the time. On June 17, Appellee filed a petition for the return of the Blazer and various other items of personal property located therein. This petition was consolidated with the omnibus pretrial motion in her criminal case, and the trial court held an evidentiary hearing on the motions on October 9, 1997. On October 23, the court denied all of Appellee's motions, except the petition for the return of property, which was granted. The Commonwealth appealed this decision to the Pennsylvania Superior Court, which transferred the case to this Court pursuant to *In re One 1988 Toyota Corolla,* 675 A.2d 1290 (Pa.Cmwlth.1996). Neither party challenges this Court's jurisdiction over the appeal.

█ In addition to questioning whether the trial court erred by granting Appellee's petition for the return of the Blazer, the Commonwealth also requests the Court to determine whether the Blazer should be forfeited. Forfeiture does not automatically follow from the denial of a petition for the return of property unless and until the Commonwealth has filed a forfeiture petition either orally or in writing. *See One 1988*

*Toyota Corolla.* The Commonwealth included its petition for forfeiture pursuant to Sections 6801—6802 of the Judicial Code (Forfeiture Act), 42 Pa.C.S. §§ 6801 – 6802, and Appellee's answer thereto in the reproduced record. These documents were apparently filed under a different caption in the trial court and have not been made a part of the certified record before this Court. Nonetheless, the trial court relied upon allegations in the Commonwealth's petition for forfeiture in its amended memorandum opinion, and there is no dispute that the documents were in fact filed in the trial court. Only the undisputed fact that a petition for forfeiture was filed is relevant to this case. *Cf. Commonwealth v. Pomerantz,* 393 Pa.Super. 186, 573 A.2d 1149 (1989) (expressing no opinion on the merits of a forfeiture action because no forfeiture petition had been filed or orally presented to the trial court). Thus the Court will reach the question of whether the Blazer should be forfeited to the Commonwealth.[3]

█ Under Rule 324 the aggrieved party must first establish entitlement to lawful possession of the property, and the burden then shifts to the Commonwealth · to resist the return of the property by proving that it is contraband. *See Commonwealth v. Howard,* 552 Pa. 27, 713 A.2d 89 (1998); *One 1988 Toyota Corolla.* When the court determines that the subject property is contraband, the court may order it forfeited. *See* Pa. R.Crim. P. 324(b). After carefully reviewing the record, this Court is convinced that the

---

warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. *Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.*

(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(c) A motion to suppress evidence under Rule 323 may be joined with a motion under this rule.

2. There are two distinct classifications of contraband:

Contraband *per se* is property the mere possession of which is unlawful.... Heroin and

'moonshine' whiskey are examples of contraband *per se.* Derivative contraband is property innocent by itself, but used in the perpetration of an unlawful act. An example of derivative contraband is a truck used to transport illicit goods.

*Commonwealth v. Howard,* 552 Pa. 27, 32, 713 A.2d 89, 92 (1998) (quoting *Commonwealth v. Fassnacht,* 246 Pa.Super. 42, 369 A.2d 800, 802 (Pa.Super.1977)).

3. This Court's review of a trial court's decision on a petition for the return of property is limited to examining whether the findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed an error of law. *Strand v. Chester Police Department,* 687 A.2d 872 (Pa. Cmwlth.1997).

trial court's factual findings are supported by competent evidence. The trial court, however, misapplied the standard for determining whether property constitutes derivative contraband and thus committed an error of law in concluding that the Commonwealth failed to sustain its burden of proof. Therefore, reversal of its order and forfeiture of the Blazer is required. *See Estate of Peetros v. County Detectives and Dist. Attorney's Office*, 341 Pa.Super. 558, 492 A.2d 6 (1985) (reversing the grant of a petition for the return of property and ordering the subject property forfeited where the trial court's legal conclusions misapprehended the nature of derivative contraband).

## II

The trial court's findings indicate that this case arises from events occurring on May 30, 1997. On that date, Allentown Police Officer Wayne Simock conducted surveillance of a location in Allentown known for high drug activity. His surveillance focused on a group of men gathered on a street corner. One member of the group was flagging down and nodding to passing vehicles. On three occasions vehicles stopped in the area and the man leaned into them, appearing to hand something to the occupants. Shortly after 6:00 p.m., Appellee and a passenger approached in the Blazer and parked down the block. The passenger exited the vehicle and walked to the individual who was being observed by Officer Simock. The two engaged in conversation and exchanged objects in closed fists that the officer could not identify. Appellee watched the transaction from the Blazer.

The passenger then returned to the Blazer and Officer Simock stopped the vehicle. After the officer identified himself, the passenger responded, "I didn't buy any dope," and further explained that "they" wouldn't sell him any. Both Appellee and her passenger consented to searches. The officer found a pack of rolling papers in the passenger's pocket, and marijuana cigarettes in Appellee's purse. During the search, Appellee volunteered that she had just been released from a methadone clinic. Both were arrested, and when the passenger was searched at

police headquarters, police officers found five clear plastic bags containing heroin tucked in his waistband. Appellee's purse was again searched, and the officers found a clear plastic bag containing marijuana and two smoking pipes. Appellee was charged with possession of a controlled substance, possession of drug paraphernalia and criminal conspiracy to possess heroin. Although unmentioned in the trial court's opinion, the record further reflects Officer Simock's testimony that both Appellee and her passenger admitted previous trips to Allentown to purchase heroin. There is no indication whether the Blazer was used on those occasions.

Officer Simock's testimony plainly indicates that Appellee used her Blazer to transport an individual to purchase heroin in Allentown. Further, Appellee's observation of the transaction and her subsequent admissions suggest that she knew the Blazer was being used in this manner. Officer Simock's testimony was undisputed, and the trial court accepted it when rejecting Appellee's motions to suppress evidence and dismiss the charges. Moreover, nothing in the court's opinion suggests that the court doubted the officer's credibility in any manner or rejected the obvious inferences from his testimony. Rather, the court concluded as a matter of law that the Commonwealth's evidence was insufficient to establish that the Blazer is contraband.

The trial court noted in particular that the marijuana and drug paraphernalia were found in Appellee's purse rather than in the Blazer itself. Although the court's discussion is sparse, the court apparently concluded that a vehicle does not become contraband when it is used to transport a person to an illegal drug purchase or when drugs are found on an occupant's person as opposed to some physical part of the vehicle such as the glove compartment or the trunk. The crucial question to be answered in a case of this kind is whether the drugs were inside the vehicle or outside the vehicle. If the former, then such evidence may be considered in determining whether property is derivative contraband. Indeed, this Court has held that the Commonwealth is not even required to show that drugs were actually found in the

vehicle or on the driver for property to be forfeited. *See Strand v. Chester Police Department,* 687 A.2d 872 (Pa.Cmwlth.1997) (citing *Commonwealth v. $1920.00 U.S. Currency,* 149 Pa.Cmwlth. 132, 612 A.2d 614 (1992)).

■ In this case the Commonwealth does not dispute that Appellee met her initial burden but instead maintains that the Blazer is derivative contraband and that the Commonwealth has met its burden under either Rule 324 or the Forfeiture Act. To show that property is derivative contraband, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity by a preponderance of the evidence. *See Commonwealth v. Howard.* The same showing is required of the Commonwealth when it files a petition for forfeiture of property used to facilitate drug offenses. *Commonwealth v. 502–504 Gordon Street,* 147 Pa.Cmwlth. 330, 607 A.2d 839 (1992), *aff'd,* 535 Pa. 515, 636 A.2d 626 (1994).

■ In actual practice the standards in actions for the return of property or for the forfeiture of property are indistinguishable. *See Commonwealth v. Marshall,* 548 Pa. 495, 698 A.2d 576 (1997) (analyzing whether there was sufficient evidence to meet the Commonwealth's burden under the Forfeiture Act in an appeal from a denial of a motion for the return of forfeited property); *One 1988 Toyota Corolla* (explaining that in actual practice there are seldom any differences between the standards in a drug forfeiture petition and the standards in a motion for return of property).[4] Here the Commonwealth established by credible and uncontroverted evidence that the Blazer was used by Appellee to perpetrate an unlawful act, and the Commonwealth, accordingly, has satisfied its burden of proof. As the Blazer is contraband, it must be forfeited pursuant to Rule 324(b). Because the Commonwealth filed its petition

for forfeiture, albeit at a different case number before the trial court, the Court may conclude as well that the property can be forfeited under the Forfeiture Act.

### III

Appellee argues that the Commonwealth was required to prove by clear and convincing evidence that the vehicle was used in a pattern of criminal conduct, rather than in a single occurrence. That is the standard for determining whether a forfeiture constitutes an unconstitutionally excessive fine, and it is not to be confused with the Commonwealth's burden to establish by a preponderance of the evidence that a nexus exists between the subject property and the illegal activity. *See Commonwealth v. 4029 Beale Avenue,* 545 Pa. 172, 680 A.2d 1128 (1996). Appellee has not argued at any point in the trial court proceedings or in this appeal that the forfeiture of the Blazer is an excessive fine, and this Court will not address the issue *sua sponte.*

Alternatively, Appellee contends that this Court may affirm the trial court on any ground, even if it requires reversal of the court's denial of Appellee's motion to suppress evidence or requires consideration of issues presented to the court but not acted upon. Even assuming the validity of Appellee's contentions, the Court finds no alternate ground upon which it may affirm the trial court. For the foregoing reasons, the order of the trial court granting Appellee's petition for the return of the 1997 Chevrolet Blazer is reversed, and Appellee's property is ordered forfeited to the Commonwealth.

### ORDER

AND NOW, this 24th day of November, 1998, the order of the Court of Common Pleas of Lehigh County is reversed, and the

4. In *Commonwealth v. One 1979 Lincoln, Four Door Sedan,* 344 Pa.Super. 171, 496 A.2d 397 (1985), the Superior Court upheld forfeiture of a vehicle that had been used only to bring food for workers engaged in illicit methamphetamine manufacture. In that case, no drugs or drug paraphernalia were found in the vehicle or on its driver. *See Strand* (discussing and relying upon

*One 1979 Lincoln, Four Door Sedan* ). Similarly in *Commonwealth v. One 1988 Ford Coupe,* 393 Pa.Super. 320, 574 A.2d 631 (1990), the Superior Court upheld forfeiture of a vehicle where the Commonwealth produced evidence that it was used on one occasion to pick up cocaine sold to a police informant.

subject property is ordered forfeited to the Commonwealth.