**[J-94-2017] [MO: Saylor, C.J.]**

## IN THE SUPREME COURT OF PENNSYLVANIA
### MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 32 MAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 448 CD |
| | : | 2015, dated January 13, 2017, |
| v. | : | Reversing and Remanding the Order |
| | : | of the Adams County Court of |
| | : | Common Pleas at Nos. CP-01-CR- |
| JUSTEN IRLAND; SMITH AND WESSON | : | 224-2014 and CP-01-MD-25-2015 |
| 9MM SEMI-AUTOMATIC PISTOL, | : | dated March 9, 2015. |
| SERIAL # PDW0493, | : | |
| | : | ARGUED:  November 29, 2017 |
| Appellee | : | |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                                         **DECIDED:  September 21, 2018**

I agree with the majority's ultimate conclusion "forfeiture of derivative contraband requires statutory authorization."  Majority Opinion, slip op. at 21.  I write separately, however, to distance myself from the majority opinion's determination the forfeiture at issue here was civil in nature based on Pennsylvania Rule of Criminal Procedure 588, and thereby limiting its holding to common law civil forfeiture.  *Id.* at 14-15.  In fact, whether common law civil forfeiture, as defined by the majority, ever existed in Pennsylvania — even following the 1980s-era Superior Court cases which introduced common law forfeiture of derivative contraband — is questionable at best.  *See Commonwealth v. 2010 Buick Enclave*, 99 A.3d 163, 170 (Pa. Cmwlth. 2014) (Commonwealth may not forfeit property under common law without a conviction); *compare with Estate of Peetros v. County Detectives*, 492 A.2d 6, 9 (Pa. Super. 1985) (conviction unnecessary for common law forfeiture).  On this point, I agree with the panel

below which held "the only potential basis for common law forfeiture would be conviction of a felony, treason, or, quite possibly, some other crime" following its thorough discussion of the types of forfeiture that existed in England in the year 1776. *Commonwealth v. Irland*, 153 A.3d 469, 478 (Pa. Cmwlth. 2017) (*en banc*); *see also* PDAA's Brief at 9-14 (discussing England's forfeiture upon conviction doctrine and its use in Pennsylvania).

Respectfully, I would hold common law forfeiture does not currently exist in Pennsylvania, in either criminal or civil form, rather than leave open the possibility that common law criminal forfeiture still does. *See* Majority Opinion, slip op. at 16 n.11. I agree that common law criminal forfeiture seems to have "been employed in Pennsylvania around the time of the Commonwealth's founding." *Id.* However, I find its disappearance from our jurisprudence for over 150 years until its re-emergence in 1980s-era decisions from the Superior Court — in cases which relied on our jurisprudence regarding statutory forfeiture — supports a conclusion that common law criminal forfeiture ceased to exist in the Commonwealth's earliest days. Accordingly, I concur in the result only.