538 A.2d 71

COMMONWEALTH of Pennsylvania

v.

ONE 1985 CADILLAC SEVILLE.

Appeal of Shiela LAMPKIN, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 27, 1987.

Filed Feb. 26, 1988.

Richard R. Fink, Levittown, for appellant.

Stephen B. Harris, Assistant District Attorney, Warrington, for Com., appellee.

Before CAVANAUGH, BECK and HESTER, JJ.

BECK, Judge:

The issue in this forfeiture action is the standing of the appellant to challenge the forfeiture of the subject vehicle by raising the "innocent ownership" defense.

Appellant Sheila Lampkin appeals from an order granting the Commonwealth's petition for forfeiture and denying her petition for return of a 1985 Cadillac Seville. We affirm.

The Cadillac was seized when Frank Long, Lampkin's brother, was operating the Cadillac while conducting a drug transaction with a passenger therein. Long was charged with and later convicted of possession with intent to deliver cocaine and heroin, which were found in and around the Cadillac at the time of seizure. Lampkin filed a petition seeking return of the Cadillac which she claims to own. The Commonwealth responded by filing a petition for forfeiture, contending that the Cadillac was "derivative contraband" subject to forfeiture under the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.Cons.Stat.Ann. §§ 780–101 to 780–144 (1977 & Supp.1987–88) (the "Act").

At the forfeiture hearing, Lampkin testified that she was Long's older sister, that she was the owner of the Cadillac, and that she loaned the vehicle to Long from time to time. She produced documents of title and registration bearing her name to establish that she owned the Cadillac. Lampkin also testified that she had paid cash for the car, and that although Long had accompanied her to the dealership when she purchased the car, he went with her only for the limited purpose of checking the car's mechanical condition.

Lampkin further testified that although she lent the Cadillac to her brother on occasion, she was unaware that the vehicle was being used for any unlawful purpose. It was established that she and her brother lived some distance apart and that in order to borrow the Cadillac, Long

had to pick it up at her home. It was also established that Long performed routine maintenance work on the Cadillac.

The trial court determined that the Commonwealth had satisfied its burden of proof in showing that the Cadillac was used by Long for unlawful purposes and, therefore, was "derivative contraband" subject to forfeiture under the Act. *Id.* § 780–128. The trial court also rejected Lampkin's contention that under Section 780–128 of the Act, she was entitled to return of the Cadillac because she owned it and was unaware of her brother's unlawful use thereof. In support of this conclusion, the court stated that it simply did not believe Lampkin's testimony regarding her acquisition and ownership of the car. The court noted that the car was purchased for approximately $30,000 in cash and that the record revealed no source of funds from which Lampkin could have obtained that large a sum of money to use in purchasing the car. The court emphasized that Lampkin is a divorced mother who is the sole support of three children and that there was no evidence of any inheritance or other windfall that could have provided the funds for the purchase of the Cadillac.

In addition, the court pointed out that although the documents of title were in Lampkin's name, Lampkin had produced no documentary evidence showing withdrawals of bank deposits, conversion of securities or any other source of the cash allegedly used by Lampkin to buy the car. Concluding that Frank Long had actually purchased the car and had simply titled it in his sister's name to insulate it from forfeiture, the court granted the Commonwealth's petition for forfeiture and denied Lampkin's petition for return.

Lampkin presents two issues for our review. First, she asserts that the trial court erred by admitting into evidence the testimony of a police officer regarding the contents of a report of a chemical analysis of the substances seized from the Cadillac at the time of Long's arrest and the seizure of the vehicle. Lampkin contends that this testimony was inadmissible hearsay. Second, Lampkin contends that the

trial court's grant of forfeiture to the Commonwealth was improper because she owned the Cadillac and Long's unlawful use of the vehicle was without Lampkin's knowledge or consent.

■ As to Lampkin's first issue, regarding the admissibility of the police officer's testimony, we hold that Lampkin failed to preserve this issue in the court below and that it is, therefore, waived on appeal. Although Lampkin objected to the admission of this evidence at the forfeiture hearing, no grounds for the objection were given at that time and Lampkin did not raise her objection to the testimony in her post-hearing brief to the trial court, which was submitted prior to the trial court's rendering its decision. Thus, Lampkin failed to give the trial court any opportunity to correct this alleged error and cannot now raise this objection on appeal. Pa.R.A.P. 302(a).

As to Lampkin's second allegation of error, regarding the trial court's determination that she was not entitled to a return of the vehicle as the innocent owner thereof, we begin with a brief overview of the law of forfeiture applicable to this case.

■ Property which is found to be contraband may be subject to forfeiture. *Commonwealth v. Landy*, 240 Pa. Super. 458, 463, 362 A.2d 999, 1001 (1976). Such property may be classified as contraband per se or derivative contraband. Contraband per se is property which is itself illegal, i.e. has no legal use. Property is derivative contraband where it is, of itself, legal, i.e. amenable to legal use, but where it has actually been used in the perpetration of an unlawful act. *Petition of Maglisco*, 341 Pa.Super. 525, 491 A.2d 1381 (1985). As we stated in *Commonwealth v. Fassnacht*, 246 Pa.Super. 42, 46, 369 A.2d 800, 802 (1977), *cert. denied*, 439 U.S. 911, 99 S.Ct. 280, 58 L.Ed.2d 257 (1978), "[h]eroin and 'moonshine' whiskey are examples of contraband per se.... An example of derivative contra-

band is a truck used to transport illicit goods." Thus, the Cadillac in this case would clearly be classified as derivative contraband if it was used for unlawful purposes.

Since this case specifically involves criminal activity in connection with controlled substances, it is controlled by the provisions of the Controlled Substance, Drug, Device and Cosmetic Act, *supra.* Section 780–128 of the Act provides in pertinent part:

(a) The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:

(1) All drug paraphernalia, controlled substances or other drugs which have been manufactured, distributed, dispensed, or acquired in violation of this act.

(4) All conveyances, including aircraft, vehicles, or vessels, which are used or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in clause (1) or (2) except that:

(ii) no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent.

35 Pa.Cons.Stat.Ann. § 780–128(a)(1) & (4).

The Act further provides that in a forfeiture proceeding, the Commonwealth has the initial burden of producing evidence that the property sought to be forfeited was unlawfully used or possessed, i.e. that it was contraband. *Id.* § 780–129(e). Moreover, it is well established by case law that in a forfeiture proceeding, the Commonwealth must demonstrate by a preponderance of the evidence that the property seized was contraband. *Estate of Peetros by Peetros v. County Detectives and District Attorney's Office,* 341 Pa.Super. 558, 492 A.2d 6 (1985); *Commonwealth v. 1978 Toyota,* 321 Pa.Super. 549, 468 A.2d 1125 (1983).

Once the Commonwealth has sustained this burden of proof, the burden shifts to the claimant seeking return of

the property. Section 780–128(a)(4)(ii) clearly states that the owner must establish that an unlawful use of the conveyance by someone other than the owner was without the owner's knowledge or consent. Section 780–129 further states that once the Commonwealth has shown unlawful use or possession of the property,

> ... the burden shall be upon the claimant to show:
> (1) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon;
> (2) That the claimant lawfully acquired the property;
> (3) That it was not unlawfully used or possessed by him;
> (4) In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent.

35 Pa.Cons.Stat.Ann. § 780–129(e)(1)–(4). Thus, where a conveyance has been used by a person other than the owner thereof for unlawful purposes and has been seized by law enforcement officials pursuant to the Act, the owner must establish the elements listed above to secure return of the conveyance.

■ In the instant case, the Cadillac became subject to forfeiture as derivative contraband when it was shown by the Commonwealth to have been used by Long in the commission of a drug transaction prohibited by the Act. Subsequent to this showing by the Commonwealth that the Cadillac was subject to forfeiture, the burden fell to appellant to prove that she owned and lawfully acquired the Cadillac. If appellant succeeded in establishing ownership, she then would have to show that Long's unlawful use thereof was without appellant's knowledge or consent, i.e. that she was the "innocent owner" of the Cadillac.

We concur in the trial court's conclusion that appellant did not carry the burden of showing by a preponderance of the evidence that she owned the Cadillac; therefore, we find

she did not have standing to challenge the forfeiture by raising the innocent owner's defense.

The trial court appears to have decided in favor of forfeiture not only because the court was, as it stated, "not certain just who the owner of this vehicle is," but also because the court was simply not convinced by appellant's testimony regarding her innocence in acquiring and possessing the vehicle. In other words, the trial court appears to have remained unconvinced that appellant was totally without knowledge of Long's unlawful activities relating to the Cadillac, as the statute requires.

We, on the other hand, find that in the instant case, the issue is not whether appellant has sustained her burden of proving "innocent ownership". Rather, we are faced with the threshold question of whether appellant has sustained her burden of proving that she is the owner of the car at all so as to give her standing to raise the "innocent owner" defense.

This question of standing to challenge a forfeiture for purposes of raising the innocent owner defense presents an issue of first impression in this state. We note that the Pennsylvania forfeiture provision was intentionally patterned after its federal counterpart in the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 881(a)(4) (1981). *Commonwealth v. One 1979 Lincoln Four Door Sedan*, 344 Pa.Super. 171, 496 A.2d 397 (1985). Therefore, we have looked to those cases decided under the federal statute that have considered the issue of what constitutes ownership for purposes of raising an "innocent owner" defense.

In the federal cases which have reached the question of whether the individual seeking return of a vehicle was, in fact, the owner, the issue has been resolved based on a factual determination by the Court. *See U.S. v. One Brown 1978 Mercedes Benz*, 657 F.Supp. 316 (E.D.Mo.1987); *U.S. v. One 1981 Datsun 280 ZX*, 563 F.Supp. 470 (E.D.Pa. 1983). For example, in *U.S. v. One 1981 Datsun 280 ZX*,

*supra,* the court was called upon to evaluate a claim of ownership similar to that in the instant case. There, a father was held to lack standing to challenge the forfeiture of a car allegedly used by his son to facilitate the attempted purchase of a controlled substance. The court found the father's claim of ownership to be without merit despite the fact that the vehicle's title and insurance were in the father's name. The court took into consideration the fact that there was confusion surrounding who had paid for the car. Moreover, the court noted that despite his limited income, the father had purchased another car shortly after his purchase of the Datsun. In arriving at its conclusion that the father was not, in fact, the owner, the court stated that "[an] inference that the car was not intended for claimant's use can be drawn from the facts." *Id.* at 475.

We believe that a similar inference was properly drawn by the trial court from the facts in the present case. Based on the evidence before it, the trial court must make the initial determination of ownership. It is well settled that "it is within the province of the trial judge, sitting without a jury, to judge the credibility of the witnesses and to weigh their testimony. On appeal, it is not the duty of the appellate court to find the facts, but to determine whether there is evidence in the record to justify the trial court's findings of fact." *Allegheny County v. Monzo,* 509 Pa. 26, 35, 500 A.2d 1096, 1101 (1985).

After careful review of the record in this case, we agree with the trial court's determination that Sheila Lampkin has failed to establish ownership of the Cadillac. Lampkin failed to satisfy her burden of proving that in fact the Cadillac was hers, lawfully purchased with her own funds for her own lawful use. Therefore, she lacks standing to assert the defense of "innocent ownership."

Accordingly, the order of the Court of Common Pleas granting the Commonwealth's petition for forfeiture and denying Lampkin's petition for return is affirmed.