## Commonwealth v. 229.765 Acres of Land

*David F. Pollock, district attorney,* for the commonwealth.

*William M. Baily,* for intervenor.

GRIMES, *P.J.,* June 23, 1989 — Preliminary objections have been filed by an intervening mortgage holder, First National Bank of Cameron, to the commonwealth's amended petition for condemnation and forfeiture.

A civil forfeiture action under 42 Pa.C.S. §6801, as amended by Act 1988-79, was instituted by the commonwealth to seize 229.765 acres of Greene County real estate.

In September 1987, a helicopter pilot with the West Virginia Department of Finance contacted the Pennsylvania State Police in Waynesburg and

informed them that he noticed several large plants of suspected marijuana growing in a particular area of Greene County, near the West Virginia State border. Soon after the contact, Trooper Richard D. Hamilton of the Pennsylvania State Police accompanied the pilot in the helicopter to that location. The helicopter landed and Trooper Hamilton physically removed eight of the suspicious plants. The plants were subsequently given to Trooper Michael D. Hertig. At the time the plants were confiscated, it is alleged that various members of the McGowan family owned the property and had residences not far from where the plants were uprooted.

On February 10, 1988, Trooper Hertig met with a representative of the Washington County district attorney's office and informant Ronald Eugene David. According to the amended petition, Mr. David informed Hertig that Kenneth J.J. McGowan III asked him if he (McGowan III), could store marijuana and drug paraphernalia in David's barn. After David agreed, McGowan III, Charles R. McGowan, and another[1] individual uprooted marijuana plants located on the McGowan property and transported them by truck[2] to David's barn.

On March 15, 1989, 13 months after this information was known to law enforcement officials, the Greene County district attorney's office filed a petition seeking the forfeiture and condemnation of the 229.765 acres of real estate on which the suspected marijuana plants were found. On the same day, a rule was issued to show cause why forfeiture should not be granted.

---

1. Jim "Smoke" Lazear.
2. The owner of the truck is Donna Brown's mother. Donna Brown assisted in transporting the plants.

On April 11, 1989, three of the owners, Kenneth J.J. McGowan Jr., William G. McGowan and Patricia L. McGowan, filed an answer and new matter.[3] Three days later, the bank sought to intervene.[4] Hearing no objection from the district attorney, the bank's petition to intervene was granted and the bank immediately filed preliminary objections.

On April 20, 1989, the district attorney amended his petition for forfeiture and condemnation. Later, the bank filed[5] new preliminary objections incorporating those it raised to the initial petition which prompted the district attorney to file preliminary objections to the bank's new preliminary objections. These competing preliminary objections have been briefed and argued.

## DISCUSSION

Before analyzing the bank's objections, a review of the statutory authority for the forfeiture of real property is necessary. The Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.C.S. §§780-101 to 780-144, (Drug Act), became law in Pennsylvania on June 14, 1972. Section 780-128 of the original Drug Act provided for the forfeiture of the following property:

3. These three owners have, at this time, not been charged with any criminal acts relating to the marijuana being on the subject property which they own as tenants in common with the three criminal defendants.

4. The bank is the holder of a $32,000 mortgage dated September 1, 1982.

5. Prior to this filing, Charles McGowan, Thomas McGowan and Kenneth J.J. McGowan III entered their appearance. All three have been charged with various drug-related offenses in connection with the September 1987 confiscation. See nos. 110, 111, 112, Criminal Sessions, 1989.

"(1) All controlled substance or other drugs which have been manufactured, distributed, dispensed, or acquired in violation of this act.

"(2) All raw materials, products and equipment of any kind which are used, or intended for use in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or other drug in violation of this act.

"(3) All property which is used, or intended for use, as a container for property described in clause (1) or (2) of this subsection.

"(4) All conveyances, including aircraft, vehicles, or vessels, which are used or are intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of property described in clause (1) or (2).

. . .

"(5) All books, records and research, including formulas, microfilm, tapes and data which are used, or intended for use, in violation of this act."

As evident, real property was not subject to forfeiture under the original Drug Act. The exclusion of real property from the statute remained so until early 1985 when section 780-128(a) of the Drug Act was amended to permit forfeiture of real property but only under a particular circumstance. The amendment reads as follows:

"(6)(i) Consideration as follows:

"(A) Money, negotiable instruments, securities or any other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this act.

"(B) Proceeds traceable to such an exchange.

"(C) Money, negotiable instruments and securities used or intended to be used to facilitate any violation of this act.

"(D) Real property, including things growing on, affixed to and found in the land.

"(ii) No property shall be forfeited under this clause, to the extent of the interest of an owner, by reason of any act or omission established by the owner to have been committed or omitted without the knowledge or consent of that owner. Such money and negotiable instruments found in close proximity to controlled substances possessed in violation of this act shall be rebuttably presumed to be proceeds derived from the selling of the controlled substance in violation of this act." 35 P.S. §780-128 (Supp. 1988) as amended by Act 1984-200, P.L. 988.

Although the term "real property" appears in the statute, the court is convinced, upon the plain meaning of subsection (6)(i)(D), that in order for real property to be subject to forfeiture under that subsection the real property must be a catalyst for two parties to contract.

On June 30, 1988, a new act entitled "Controlled Substances Forfeitures," 42 Pa.C.S. §6801, Act 1988-79 (hereinafter CSF), became the law of this state while repealing those sections which had, up to that date, regulated forfeiture proceedings, The CSF contains many features of section 780-128 but unlike its predecessor, the CSF is more inclusive. The CSF reads in relevant part:

"(a) *Forfeitures generally* — The following shall be subject to forfeiture to the commonwealth and no property right shall exist in them:

. . .

"(6)(i) All of the following

. . .

"(c) Real property used or intended to be used to facilitate any violation of the the Controlled Substance, Drug, Device and Cosmetic Act, including structures or other improvements thereon, and including any right, title and interest in the whole or any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the Controlled Substance, Drug, Device and Cosmetic Act, and things growing on, affixed to and found in the land." 42 Pa.C.S. §6801(a)(6)(i)(C).

With this statutory framework as a base, the bank's four preliminary objections will now be addressed. First, the bank claims this court lacks jurisdiction to order forfeiture of the real property in issue. Second, the bank seeks a demurrer by claiming the commonwealth's amended petition does not state a cause of action upon which relief can be granted. The bank's third objection is that the amended petition lacks specificity and its final contention is that the Controlled Substances Forfeitures Act (CSF) is unconstitutional.

The initial focus is on whether the bank has standing to challenge a forfeiture action. This question presents a novel issue in this commonwealth. The Pennsylvania forfeiture provision was intentionally patterned after its federal counterpart in the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §881(a)(4) (1981). *Commonwealth v. One 1985 Cadillac Seville*, 371 Pa. Super. 390, 538 A.2d 71 (1988). Therefore, as was done in *One 1985 Cadillac*, those cases decided under the federal statute that have considered the

issue of whether a mortgage holder has standing in a civil forfeiture action must be considered.

In order to contest a forfeiture action, an entity must first demonstrate an interest in the seized property. *United States v. $364,960 in United States Currency,* 661 F.2d 319, 326 (5th Cir. 1981). 21 U.S.C. §881(a)(6) provides that the interest of an innocent owner is not subject to forfeiture. The legislative history of section 881(a)(6) indicates that Congress intended for the term "owner" to be construed broadly enough to include any person with a recognizable legal or equitable interest in the property seized. See Congressional Record-Senate, October 7, 1978, page S 17649; Congressional Record-House, October 13, 1978, page H 12792. Congress' intent has been vindicated by several courts in civil forfeiture actions regarding real property. See *U.S. v. One Piece of Real Estate,* 571 F.Supp. 723 (W.D. Tex. 1983) (recognized that a secured party could challenge a forfeiture proceeding); *U.S. v. All that Tract and Parcel of Land,* 602 F.Supp. 307 (N.D. Georgia 1985) (lienholder with a security interest in the defendant property has standing to contest forfeiture action) also citing, *U.S. v. Lot 43 in Block 13 of Eastgate Unit No. 1,* No. CV-LV-81-535, HEC (D. Nev. March 29, 1983) (allowed a secured party to challenge forfeiture); *U.S. v. One Condominium Apartment,* 636 F.Supp. 457 (S.D. Fla. 1986) (savings and loan was permitted to assert an interest in the property as first mortgage holder); *In re Metmor Financial Inc.,* 819 F.2d 446 (4th Cir. 1987) (innocent lienholder's interest recognized by trial court ordering property be forfeited but subject to its lien); *U.S. v. A Parcel of Real*

*Property,* 650 F.Supp. 1534 (E.D. La. 1987) (a bank has standing to file a claim in forfeiture action by virtue of its lien on the defendant property).

Based on the legislative history of the similar federal statute and federal case law, it stands to reason that a mortgage holder has standing in a civil forfeiture action under 42 Pa.C.S. §6801 et seq. by virtue of its lien on the defendant property.[6]

The first preliminary objection of the bank questions this court's jurisdiction. The bank's argument is twofold.[7] First, it claims that the present forfeiture act does not apply to real estate. Second, the bank contends that the former forfeiture act, 35 Pa.C.S. §780-128, does not apply to the facts of this case.[8]

The present forfeiture act, the CSF, is specifically designed for the forfeiture of "real property used or intended to be used to facilitate any violation of the (Drug Act) . . . " 42 Pa.C.S. §6801(a)(6)(i)(C). The amended petition reveals that marijuana plants were observed, uprooted and removed from the defendant property. The Drug Act prohibits one from possessing a controlled substance, such as

6. The court also finds the "substantial, direct and immediate" test for standing as enunciated in *William Penn Parking Garage Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975), to have been satisfied.

7. The bank also argues that the "real property is not properly before the court because it has not been seized by the commonwealth." In spite of the compelling nature of this argument, such was raised only through the bank's brief and not by preliminary objections. As a consequence, that issue is not properly before this court.

8. The bank makes the identical argument in its second preliminary objection and it will be considered at that time.

marijuana. 35 Pa.C.S. §780-113(a)(16). Therefore, the bank's argument that the CSF does not apply to real estate is without merit. See also, 42 Pa.C.S. §6802(a).

The intervening bank next seeks a dismissal by demurrer to the amended petition on two grounds, only one of which must be addressed.[9] It is the bank's contention that the former forfeiture act, 35 Pa.C.S. §780-128, does not apply to this case.

The standard for judging a demurrer is that every well pleaded material fact and all reasonable inferences therefrom are admitted. *Gekas v. Sapp,* 469 Pa. 1, 364 A.2d 691 (1976). With this standard in mind, the amended petition, in conjunction with the former forfeiture act, does not reveal a cause of action upon which relief may be granted.

The former forfeiture act, 35 Pa.C.S. §780-128, itemized specific categories of property subject to forfeiture. Real property was subject to forfeiture in the very limited instance when the real property was used as consideration in a deal between parties. 35 Pa.C.S. §780-128(a)(6)(i)(D). The amended petition does not allow an inference to be made that the defendant's property was the inducement, let alone plead material facts regarding this issue.[10]

---

9. The bank raises the same argument here as it did in its first preliminary objection (i.e. the present forfeiture act, 42 Pa.C.S. §6801 et seq., does not apply to real estate). The court defers to its prior determination of this issue.

10. The commonwealth recognizes this deficiency in its preliminary objections to the preliminary objections to amended petition filed by the bank wherein it states "whether the property owners utilized consideration derived from the drug operation to purchase said real estate including, . . . payment on the mortgage . . . are matters which the commonwealth may develop through discovery." Upon discovery of

Therefore, the bank's demurrer on this matter will be granted.

The third preliminary objection of the bank attacks certain paragraphs of the amended petition and is entitled "non-specific pleading." The commonwealth has moved to strike many of the objections directed at individual paragraphs. After review of both parties' objections and the amended petition, the matters contained in paragraphs 3(a), 3(d), 3(e), and 3(g) through 3(o) of the bank's preliminary objections are not requests for a more specific pleading and are hereby stricken.

Paragraph 3(b) of the bank's objection states "paragraph 4 of the petition fails to recite the instruments of record by which the alleged owners received title in property." Paragraph 4 of the amended petiton provides:

"The owner of the defendant/real property, based upon all information currently available, is Kenneth J.J. McGowan Jr., Kenneth J.J. McGowan III, William G. McGowan, Charles R. McGowan, Thomas L. McGowan, and Patricia L. McGowan, c/o Star Route, Box 16, Wind Ridge, Pa. 15380."

The bank fails to cite any law or rule of court which requires the commonwealth to recite an abbreviated chain of title. Furthermore, the CSF requires the petition to name "the owners, if known." 42 Pa.C.S. §6802(a)(3). The commonwealth has satisfied the CSF in that regard. Therefore, paragraph 4 need not be more specific.

Paragraph 3(c) of the bank's objection pertains to paragraph 6 of the amended petition. This para-

such facts, the commonwealth is reminded that the petition, with court approval, can be amended to include new allegations.

graph, although it bears just a single identifying number, contains eight paragraphs. The bank claims this violates Pa.R.C.P. 1022. Rule 1022 requires that "each paragraph shall contain as far as practicable only one material allegation." Pa.R.C.P. 1022. Paragraph 6 does not comply with this rule as several material allegations are contained therein.

Paragraph 3(f) of the bank's objection directs attention to paragraph 8 of the amended petition which provides:

"At the time the marijuana plants were confiscated (September 15, 1987), the Controlled Substance, Drug, Device and Cosmetic Act provided for forfeiture of property rights to the commonwealth of real property, including things growing on, affixed to and found in the land. (35 Pa.C.S. §780-128(a)(6)(i)(D), passed December 14, 1984, effective February 12, 1985)."

The bank claims this paragraph "does not specify when events occurred." This accusation lacks merit. Two events are described in paragraph 8 along with the precise date in which these events took place.

The fourth and final preliminary objection of the bank is that the constitutions of the United States and the Commonwealth of Pennsylvania are violated by applying the forfeiture act to the interest of an innocent lienholder in real property. Pa.R.C.P. 1017(b) regulates preliminary objections and does not provide for the constitutionality of a statute to be raised on preliminary objections.[11] Questioning

11. Absent preliminary objections opposing the raising of an affirmative defense in preliminary objections, the issue

the constitutionality of a statute is an affirmative defense which must be raised, if at all, in new matter pursuant to Pa.R.C.P 1030.

## ORDER

And now, June, 23, 1989, the preliminary objections of First National Bank of Cameron and the commonwealth are sustained in part and denied in part.

It is ordered that this court has jurisdiction by virtue of 42 Pa.C.S. §6801 et seq. and denies the bank's motion to dismiss and the commonwealth's motion to strike, and further, the bank's demurrer as to the former forfeiture act, 35 Pa.C.S. §780-128, is granted.

Paragraphs 3(a), (b), (d), (e), and (g) through (o) of the bank's preliminary objections are denied and the commonwealth's motion to strike paragraphs 3(a), (d), (e), and (g) through (o) is granted.

The bank's preliminary objection 3(c), requesting the striking of paragraph 6 of the amended petition, is granted and the commonwealth's request for leave to file a second amended petition is granted with such second amended petition to be filed within 20 days of the date of this order.

Further, the bank's preliminary objection 3(f) is hereby denied, and further, the fourth preliminary objection of the bank is denied and the commonwealth's motion to strike is granted.

---

would be considered. See *Marshall v. Piper*, 49 D.&C. 3d 421, 423 (1988).