## Commonwealth v. $510.50 in U.S. Currency

*Richard R. Tomsho, assistant district attorney,* for the commonwealth.

*Leighton Cohen,* for defendant.

DAVISON, *J.;* January 26, 1990 — We have before this court the district attorney's petition to forfeit certain personal property seized by South Whitehall Township police in connection with a drug offense to which defendant has now pled

guilty.* For the reasons hereinafter specified, we sustain the commonwealth's request.

While operating a motor vehicle on February 24, 1989, in South Whitehall Township, Lehigh County, defendant was arrested for various Motor Vehicle Code violations. When he was unable to provide proper identification, a search of the vehicle was made. Police discovered a small packet later determined to contain marijuana, a marijuana cigarette and a small suitcase in the rear of the vehicle. Defendant was then taken to police headquarters. There, a search of the suitcase revealed several more bags later determined to contain marijuana, a triple beam scale, a large quantity of plastic bags similar to the other bags that contained marijuana, and a bank bag containing $48.70 in coins. The total amount of marijuana confiscated was 205.7 grams, which resulted in defendant being charged with several drug law violations, namely, possession, possession with intent to deliver a controlled substance and possession of drug paraphernalia. A further search revealed, in close proximity to the same area where the suitcase was found, a photo album containing $462 of varying denominations in paper currency.

A hearing in this forfeiture matter was held on November 13, 1989, at which time the defendant testified that he is presently self-employed; all of his personal possessions were in the vehicle since, at that time, he had no permanent residence; he had previously sold marijuana to a select group of customers; the marijuana confiscated was packaged for sale; as a hobby, he maintained a collection of coins and currency; and the monies seized were part of

---

* Following the forfeiture hearing, defendant, on December 7, 1989, entered a guilty plea to possession with intent to deliver a controlled substance.

his collection, although he offered no evidence as to their source of acquisition.

The deputy district attorney vigorously argues that the coin and currency collection seized is properly forfeited pursuant to 42 Pa.C.S. §6801(a)(6), which states:

"(a) The following shall be subject to forfeiture to the commonwealth and no property right shall exist in them:

"(6)(i) All of the following:

"(A) Money, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act, and all proceeds traceable to such an exchange.

"(ii) . . . Such money and negotiable instruments found in close proximity to controlled substances possessed in violation of The Controlled Substance, Drug, Device and Cosmetic Act shall be rebuttably presumed to be proceeds derived from the selling of a controlled substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act."

The statutory language is clear. All money, regardless of the purpose for which it is maintained, is subject to forfeiture. There is no differentiation between general everyday circulated money and rare, uncirculated or collectible money. Simply stated, it appears that the legislature deemed money to be money, and if violative of The Controlled Substance, Drug, Device and Cosmetic Act, it is subject to forfeiture.

The statute creates a rebuttable presumption that all money found in close proximity to controlled substances constitutes proceeds from the sale of the controlled substance. The commonwealth points out that the subject money was in close proximity to the con-

trolled substances. The bank bag of coins was found in the suitcase containing the marijuana. The photo album, which contained the currency, was located in the same area of the vehicle where the suitcase was discovered. We are satisfied that the location of both containers of money was sufficiently close to the controlled substances to trigger the statutory presumption. Accordingly, the burden then shifted to claimant to rebut the presumption that the money was drug proceeds. *Commonwealth v. One 1985 Cadillac Seville*, 371 Pa. Super. 390, 538 A.2d 71 (1988). The commonwealth contends, and we agree, that claimant has failed to meet his burden. In his defense, claimant contends that the coins and currency seized were part of his private coin collection, without any evidence as to source. Even if we accept defendant's claim that the money seized was part of a hobby collection, he offers no proof that it was his private collection. Moreover, in the event this collection was indeed claimant's private collection, he offers no proof that it was acquired lawfully. On the other hand, we consider the type and quantity of drug paraphernalia in Long's possession; that the amount and packaged condition of the marijuana are consistent with those of a vendor, not simply a user; and that Long admitted he serviced a clientele.

We therefore are obliged to conclude that the coin and currency collection was a direct result of illegal drug sales, and consequently, defendant's property rights are forfeited therein. Admitted drug dealers should not be permitted to benefit from illegal drug sales. That is the very pocketbook result the legislature intended.

## ORDER

Now, January 26, 1990, upon consideration of the petition of the district attorney of Lehigh County,

following a hearing on November 13, 1989, and for the reasons set forth in the accompanying opinion, it is adjudged that the 1978 Datsun, VIN JHL710893509, and $510.70 in U.S. currency found therein, were used or intended to be used to facilitate violation of The Controlled Substance, Drug, Device and Cosmetic Act; and it is adjudged that the controlled substance of marijuana and drug paraphernalia are contraband and that no property rights exist in these items; therefore, it is ordered that the $510.70 in U.S. currency and the 1978 Datsun VIN JHL710893509, be forfeited to the County of Lehigh for the use of the district attorney of Lehigh County, who may, subject to applicable law: (1) retain, where appropriate, the property for enforcing The Controlled Substance, Drug, Device and Cosmetic Act; or (2) sell, where appropriate, the property that is not required to be destroyed by law and is not harmful to the public. The forfeited cash and sale proceeds of forfeited property are to be placed in the operating fund of the county, to be released, without restriction, subject to annual audit submitted to the Office of the Attorney General, for the use of the district attorney of Lehigh County to enforce the provisions of The Controlled Substance, Drug, Device and Cosmetic Act; monies placed in the account for law enforcement use shall, to the extent not expended by said district attorney at the end of a budget year or years, remain encumbered for use in law enforcement in the following or subsequent year or years; and said monies shall, for purposes of budgetary adoption and approval, be deemed to be continuing proceeds of the original forfeiture under the Controlled Substances Forfeitures Act; and it is further ordered that the controlled substance of marijuana seized, and the drug paraphernalia, subject to their use in other cases, be destroyed.