## Commonwealth v. 1984 Chevrolet Corvette

*Terrance G. Faye, assistant district attorney,* for the Commonwealth.

*Robert Garshak,* for claimant.

McCORMICK, JR., *J.,* January 10, 1991—This matter comes before the court pursuant to a motion for return of property, filed by Eugene Dillinger, and a motion to condemn and forfeit, filed by the Commonwealth, concerning a certain 1984 Chevrolet Corvette automobile, VIN no. 1G1AYO782E 5135637.

On April 28, 1988, Randolph Dillinger, the son of Eugene Dillinger, petitioner herein, was involved in a transaction in which he sold a quantity of cocaine, a Schedule II substance under the Controlled Substance, Drug, Device and Cosmetic Act, to Anthony Marcocci, a detective with the Westmoreland County Detectives Bureau. On October 15, 1990,

Randolph Dillinger pled guilty to three counts of violating that act, and is awaiting sentencing by this court.

At the time of the transaction, young Dillinger was observed to arrive and depart the scene of the transaction driving a black 1984 Chevrolet Corvette, which was determined to be registered in the name of Eugene Dillinger. When the arrest of Dillinger was effected for the drug offenses, the Corvette was seized by the Commonwealth. Eugene Dillinger seeks the return of the vehicle, while the Commonwealth seeks its forfeiture pursuant to the controlled substances forfeiture provisions of 42 Pa.C.S. §6801.

Clearly, property classified as derivative contraband is subject to forfeiture in Pennsylvania. *Commonwealth v. Landy,* 240 Pa. Super. 458, 362 A.2d 999 (1976). Derivative contraband has been defined as property amenable to a legal use, such as a motor vehicle, but which has been used in the perpetration of an illegal act. *Commonwealth v. One 1985 Cadillac Seville, Appeal of Sheila Lampkin,* 371 Pa. Super. 390, 538 A.2d 71 (1988). The property herein, a 1984 Chevrolet Corvette, conveyed Randolph Dillinger to and from the scene of a drug deal in which cocaine was sold. Therefore, the Corvette is derivative contraband subject to seizure under the forfeiture statute.

Forfeiture of property used to transport drugs or facilitate the transfer of drugs is governed by 42 Pa.C.S. §§6801 and 6802. As has been indicated, it is easily determined that the automobile in question constitutes derivative contraband and is the proper subject matter of a forfeiture proceeding. 42 Pa.C.S. §6801(a)(4). This court is satisfied that the Commonwealth has met its burden of proving, by a preponderance of the evidence, that the Corvette is con-

traband. *Estate of Peetros by Peetros v. County Detectives and District Attorney's Office,* 341 Pa. Super. 558, 492 A.2d 6 (1985).

Once the Commonwealth has met its burden of proof, the burden shifts to the purported owner of the property in two key matters. First, the purported owner must show uncontroverted ownership rights in the vehicle, and second, if such ownership is established, the purported owner must show that the unlawful use of his property was without knowledge or consent of the owner, and that such ignorance and lack of consent were reasonable under the circumstances. 42 Pa.C.S. §6802(j). *Commonwealth v. One 1985 Cadillac Seville, supra.*

Eugene Dillinger must first prove that he is the owner of the vehicle herein. That issue would appear to be resolved by reference to the document of title herein, but as is seen in the case law, title is not so easily determined. *U.S. v. One 1981 Datsun 280 ZX,* 563 F. Supp. 470 (E.D. Pa. 1983); *U.S. v. One 1978 Mercedes Benz,* 657 F.Supp. 316 (E.D. Mo. 1987); *Commonwealth v. One 1985 Cadillac Seville, supra.*

The title to the automobile is indeed in the name of Eugene Dillinger. As well, the elder Dillinger testified to having secured a mortgage loan to enable him to purchase the vehicle. However, there was other evidence regarding ownership that must be considered by the court, that does not inure to the benefit of the purported owner.

Eugene Dillinger presented his son as his only other witness to the uses and possessory indicia present in this case. As was expected, Randolph Dillinger testified that he did not own the vehicle and that his father was the owner of the vehicle.

Young Dillinger's testimony was of more import for the contradictions it raised in his own story, however.

He testified on direct that he drove the Corvette very rarely, possibly a total of 10 or 15 times. Yet, he admitted to driving the vehicle on two occasions when he received citations for motor vehicle violations, he was arrested for driving under the influence in the vehicle, he was observed arriving at the scene of a police investigation in the vehicle, and he was observed arriving at the North Huntingdon Township Police Department in the car.

The Commonwealth presented the testimony of William Sombo, a police officer, regarding the many situations in which he observed Randolph Dillinger in the Corvette, and the situations involving police activity wherein the car was observed or involved. Doug Bold, a county probation officer, testified that when young Dillinger was a parolee to him they discussed his ownership of the car, and the avoidance of high insurance costs by keeping the car in his father's name. Vince Maiolie testified that Dillinger told him of his ownership of the vehicle, that it was titled in his father's name, that he was paying his father back, and that it was not unusual to see young Dillinger driving it. Jason Tosi testified that Randolph Dillinger represented to him that the car was his, not his father's, that Randolph would let Tosi drive his car and that Randolph was able to get keys made for the Corvette.

The court determines that Eugene Dillinger has failed to meet his burden of proving unequivocal ownership of the vehicle in question. Instead of carrying the burden, the testimony of Randolph Dillinger has shown to be the failure of that proof.

Randolph Dillinger has demonstrated numerous aspects of the indicia of ownership that are much

more believable than his denials of ownership. From the testimony, it appears that he drove the vehicle on a regular basis and granted permission to others to drive his vehicle. He claimed ownership and explained the titling of the vehicle in his father's name as designed to make insurance more afford-able. His own testimony that he drove the vehicle only 10 or 15 times was not credible, in that there was clear and convincing testimony to the contrary. The court was particularly struck by the circum-stances well beyond the possibility of coincidence that would allow Randolph Dillinger to come in contact with the police as many times as he did while driving the vehicle, and then for him to testify under oath that he had only driven the car 10 or 15 times.

Interestingly, there were a number of witnesses to the ways in which Randolph Dillinger exercised his possessory interest in the car. There were no wit-nesses to any way in which Eugene Dillinger exer-cised such an interest.

As has been said, "Ownership can be evidenced in a variety of ways. Courts generally look to indicia of dominion and control such as possession, title and financial stake. . . 'The possession of bare legal title to the res may be insufficient to establish ownership.' *U.S. v. One 1945 Douglas C-54,* 604 F.2d 27 (8th Cir. 1979)." *U.S. v. One 1981 Datsun 280 ZX,* 563 F. Supp. 470 (E.D. Pa. 1983). In the case herein, the indicia of dominion and control that the court was most persuaded by was the possession and exercise of control over the vehicle by Ran-dolph Dillinger. If the father had title in the vehicle, he had clearly abdicated any control of the vehicle to his son, rendering the title status meaningless for our purposes.

572

Eugene Dillinger has been unable to convince this court of his uncontroverted and unequivocal ownership in this automobile. He has failed to meet his burden, and as such, has not been able to persuade the court of his right to the return of the 1984 Chevrolet Corvette.

## ORDER OF COURT

And now, January 10, 1991, based upon the foregoing, it is hereby ordered that the subject 1984 Chevrolet Corvette, VIN no. 1G1AYO782E 5135637, is forfeited to the ownership of the Office of the District Attorney of Westmoreland County, Pennsylvania, pursuant to the provisions of 42 Pa.C.S. §§6801 and 6802, to be used or disposed of as directed by the district attorney, specifically for the purpose of enforcing the provisions of the Controlled Substance, Drug, Device and Cosmetic Act. No governmental entity having budgetary control shall anticipate this forfeiture or proceeds from this forfeiture in the adoption and approval of the budget of the District Attorney's Office of Westmoreland County, Pennsylvania.