## Commonwealth v. $1,581 U.S. Currency

*Letty A. Kress, assistant district attorney,* for the Commonwealth.

*Stephen P. Vlossak,* for owner.

LAVELLE, *P.J.,* February 26, 1991 —

### PROCEDURAL HISTORY

On August 9, 1990, the Commonwealth filed a petition for forfeiture against $1,581 United States currency which was seized during the execution of a search warrant at the residence of George Rotkewicz. We issued and ruled upon George Rotkewicz to show cause why that currency should not be forfeited to the Commonwealth under the Controlled Substances Forfeiture Act, 42 Pa.C.S. §6801 et seq. On October 30, 1990, an answer to the petition was filed by Raymond Rotkewicz, father of

George Rotkewicz, claiming that he was the owner of the money.

After a hearing on February 6, 1991, we make the following

## FINDINGS OF FACT

(1) On May 25, 1990, Trooper Thomas Marchetti of the Pennsylvania State Police obtained a search warrant for the residence of George Rotkewicz, located on 105 East Penn Street, Lehighton, Carbon County, Pennsylvania. The search warrant authorized a search of the Rotkewicz residence for controlled substances and related contraband.

(2) At approximately 11:20 that evening, Trooper Marchetti, accompanied by other state troopers and local police officers, executed the search warrant at the Rotkewicz residence.

(3) The police officers were met at the back door by George Rotkewicz, who had been seated on a porch of the residence.

(4) When Trooper Joe Carcaci first entered the residence, he seized a quantity of marijuana directly beneath the chair in which George Rotkewicz sat. A further search of the residence and individuals therein at the time of entry led to the seizure of:

(a) One marijuana joint in the purse of Linda Rotkewicz;

(b) A quantity of marijuana wrapped inside of a one-dollar bill such that it appeared to be a joint;

(c) One marijuana plant located in the front yard;

(d) Drug paraphernalia to include one OHAUS triple-beam scale, two packages of rolling papers, one plastic bag containing smoking pipes, and one box of sandwich bags;

(e) Approximately $1,580 from the back pants pocket of George Rotkewicz in denominations that

included four $100 bills, three $50 bills, forty-seven $20 bills, seven $10 bills, two $5 bills, and ten $1 bills.

(5) The foregoing items were removed from the Rotkewicz residence by Trooper Carcaci and are now in the possession of the Pennsylvania State Police.

(6) The substance located beneath the chair was determined to be 52.6 grams of marijuana. See Commonwealth exhibit 2, the Pennsylvania State Police laboratory report.

(7) George Rotkewicz, having been informed of his rights against self-incrimination and further consenting to answer police questions without the presence of counsel, agreed to speak with Trooper Marchetti at the time of the search. George Rotkewicz informed Trooper Marchetti that on May 22, 1990 he and a male identified only as "Jeff" traveled to New York City in order to purchase approximately two pounds of marijuana. Unsuccessful in their attempt, the two individuals then returned home on May 24, 1990 whereupon George Rotkewicz was fronted one-quarter pound of marijuana from "Jeff," who was paid $500 by George Rotkewicz on May 25, 1990. George Rotkewicz then admitted to having sold quantities of marijuana in increments of "dime bags" during all of May 25, 1990 from his residence. George Rotkewicz admitted that most of the money seized from his person was derived from those sales.

(8) Trooper John Freed maintained surveillance of the Rotkewicz residence for approximately the five hours preceding entry by the search party team. He surveilled the arrival of approximately 25 vehicles at the Rotkewicz residence during this time period.

(9) Said currency was placed in close proximity to the marijuana seized from the Rotkewicz residence.

## DISCUSSION

### *The Law*

The Commonwealth proceeds under the Controlled Substances Forfeiture Act, 42 Pa.C.S. §6801 et seq., which provides in relevant part that all of the following assets are subject to forfeiture to the Commonwealth:

"(a) Money, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substance, Drug, Device and Cosmetic Act, and all proceeds traceable to such an exchange.

"(b) Money, negotiable instruments, securities or other things of value used or intended to be used to facilitate any violation of the Controlled Substance, Drug, Device and Cosmetic Act." 42 Pa.C.S. §6801(a)(6)(i)(A), (B).

The Commonwealth, in a forfeiture proceeding, must meet the burden of proof by a preponderance of the evidence in order to show that said assets were derived from illicit drug transactions. See *Commonwealth v. $872 Cash,* 12 Carbon L.J. 102 (1989).

Here, just as in the proceedings concerning the $872 currency, the Commonwealth properly invokes a statutory presumption in its favor. That presumption creates an evidentiary nexus between currency and controlled substances that are in "close proximity" to one another. This presumption, certified at section 6801(a)(6)(ii) provides that:

"No property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by the owner to have been committed or omitted without

the knowledge or consent of that owner. *Such money and negotiable instruments found in close proximity to controlled substances* possessed in violation of the Controlled Substance, Drug, Device and Cosmetic Act *shall be rebuttably presumed to be proceeds derived from the selling of a controlled substance in violation of the Controlled Substance, Drug, Device and Cosmetic Act.*" 42 Pa.C.S. §6801(a)(6)(ii) (emphasis supplied); see also, *Commonwealth v. Tate,* 371 Pa. Super. 611, 538 A.2d 903 (1988).

Once the Commonwealth carries its burden of proof, the burden shifts to the claimant to show that:

"(1) the claimant was the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon;

"(2) the claimant lawfully acquired the property; and

"(3) the property was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented." 42 Pa.C.S. §6802(j).

Before any claimant may attempt to rebut the presumption of forfeiture, the claimant must meet the threshold of showing that he or she has *standing* to raise the innocent owner defense. Not just any individual may enter into a forfeiture proceeding in order to raise the innocent owner defense. See *Commonwealth v. One 1985 Cadillac Seville,* 371 Pa. Super. 390, 538 A.2d 71 (1988).

## *The Commonwealth's Evidence*

During the hearing sub judice the Commonwealth presented the testimony of Troopers Carcaci, Marchetti and Freed. All three troopers participated in executing the search warrant that occurred at the Rotkewicz residence on May 25, 1990 and led to the seizure of the $1,581. At the time of entry, the police seized an amount of marijuana, later determined to be 52.6 grams, beneath the chair in which George Rotkewicz sat. Additional marijuana was found in other parts of the residence as well as drug paraphernalia. Approximately $1,580 in currency was found in George Rotkewicz's back pocket. He told the police that this cash came from marijuana sales that he made during all of May 25, 1990 whereby customers would visit his residence in order to purchase the marijuana. In fact, during days immediately preceding May 25, 1990, George Rotkewicz actively pursued the purchase of quantities of marijuana, by his own admission, of anywhere from one-quarter pound to upwards of two pounds.

The Commonwealth proved that the $1,581 was found in close proximity to seized marijuana. We need not, however, rely on the presumption thereby created.

The Commonwealth's evidence showed by a preponderance that the $1,581 United States currency was derived from or used in furtherance of illegal drug sales. Even without George's admission to the police that the money was drug-sale related, it is reasonable to infer from the police surveillance testimony that George was actively engaged in multiple marijuana transactions for cash on the day the cash was found. We have no hesitancy in concluding that the cash was produced by these drug sales.

*The Defense*

The father of George Rotkewicz, Raymond Rotkewicz, presented himself as the claimant in the hearing sub judice for purposes of raising the innocent owner defense. He claims that the $1,581 in cash was his money which was given to George by his wife, Wilma, before May 25, 1990 to buy a car. We hold that Raymond Rotkewicz has no standing to raise the innocent owner defense. Interestingly, his claim emerges after the confiscation of the money and is based solely on his word and that of his wife. Raymond Rotkewicz was not present at the time of the execution of the search warrant nor did he produce any independent, impartial evidence of possession or ownership of the $1,581. We are unwilling to conclude, based on some belated self-serving statements, that he has provided a sufficient factual basis on which to find ownership and standing. See *Commonwealth v. One 1985 Cadillac Seville,* 371 Pa. Super. 390, 538 A.2d 71 (1988).

## CONCLUSIONS OF LAW

(1) This honorable court has jurisdiction over the parties and subject matter of this forfeiture action.

(2) The $1,581 in United States currency was acquired, used, and possessed in violation of the Controlled Substance, Drug, Device and Cosmetic Act.

(3) The statutory presumption of 42 Pa.C.S. §6801(a)(6)(ii) is applicable to this case.

(4) The $1,581 in United States currency is subject to forfeiture to the Commonwealth of Pennsylvania under 42 Pa.C.S. §6801.

For the foregoing reasons we enter the following

## ORDER OF COURT

And now, February 26, 1991, the Commonwealth's petition for forfeiture is granted.

All claims of right, title or interest of George A. Rotkewicz, or any other claimant in the property are hereby declared to be terminated, revoked and rendered null and void. The $1,581 cash, United States Currency, is hereby condemned and forfeited to the Commonwealth of Pennsylvania, Office of Attorney General, Bureau of Narcotics Investigations and Drug Control pursuant to the Judicial Code, Chapter 68, Controlled Substances Forfeitures, sections 6801 to 6802, 42 Pa.C.S. §6801 et seq., for use or disposition in accordance with law.